■ David Opalek et al., Appellants, v. Leonard Oshrain, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, dated April 16, 1969, which denied their motion for summary judgment and an assessment of damages. Order reversed, on the law, with $40 costs and disbursements, and motion granted. Plaintiffs were passengers in an automobile which was struck in the rear by defendant's automobile. The accident occurred at 2:00 p.m. on a Sunday afternoon in extremely heavy traffic on a major highway in Queens County. Defendant admits that immediately prior to the accident he had been proceeding at between 5 and 10 miles per hour. Then he "looked down" on his right seat "and didn't see the car in front of" him. At his examination before trial he admitted further that at the scene of the accident he said to the people in the front car, "It was my fault." The learned Special Term

Justice, in denying plaintiffs' motion for summary judgment, asserted that there are issues of fact to be tried. We disagree and are unable to find any in this fact pattern. Even defendant's affidavit in opposition, which embellishes his earlier narrations in his MV104 report and in his examination before trial, did not, by adding that he looked down from the road only for a " split second " and that " apparently " the car in front of him stopped short, create issues of fact to be tried in the fact context of this case. In rear-end collision cases we have not hesitated to deny summary judgment to a plaintiff where genuine issues are raised (see *Velten* v. *Kirkbride*, 20 A D 2d 546), but we will not strain to find feigned issues of fact where they are not genuinely present (see *Donlon* v. *Pugliese*, 27 A D 2d 786). Plaintiffs' motion for summary judgment in this case was well-founded and should have been granted. Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.