■ AUGUSTIN LOPEZ, Appellant-Respondent, v MARK SENATORE et al., Respondents-Appellants. — In a negligence action to recover damages for personal injuries and property damage, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Adler, J.), dated January 7, 1983, as denied his motion for partial summary judgment on the issue of liability. Defendants cross-appeal from so much of the same order as denied their cross motion to dismiss the action for failure to meet the threshold requirement of serious injury is deemed abandoned. Order reversed, on the law, without costs or disbursements, motion granted to the extent of granting summary judgment in favor of defendants on the first cause of action to recover damages for personal injuries, partial summary judgment granted in favor of plaintiff on the issue of liability on the second cause of action to recover for property damage, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. This action arises out of an incident in which defendants' automobile backed into plaintiff's parked automobile in which he

was seated. Plaintiff's complaint recited causes of action to recover damages for personal injuries and for property damage to his vehicle. Following joinder of issue plaintiff moved for partial summary judgment on the issue of liability. Defendants cross-moved to dismiss the action for failure to establish a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law. Special Term denied both the motion and the cross motion. In order to obtain summary judgment "it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067; see, also, *Shaw v Time-Life Records*, 38 NY2d 201; *Spearmon v Times Sq. Stores Corp.*, 96 AD2d 552). Notwithstanding defendants' abandonment of their cross appeal from that portion of Special Term's order denying their cross motion to dismiss the complaint (CPLR 3211), on review of the denial of plaintiff's motion for summary judgment this court is empowered to search the record and may instead, if warranted, grant summary judgment to plaintiff's adversary (see CPLR 3212, subd [b]; *Peoples Sav. Bank v County Dollar Corp.*, 43 AD2d 327, affd 35 NY2d 836; cf. *Hecht v City of New York*, 60 NY2d 57). Section 673 of the Insurance Law limits the right to recovery in a personal injury action for noneconomic loss arising out of negligence in the use or operation of a motor vehicle to those cases involving "serious injury" as defined in subdivision 4 of section 671 of the Insurance Law. Under the facts of this case the question of whether the plaintiff established a prima facie case of "serious injury" on his first cause of action rests with the court in the first instance (*Licari v Elliott*, 57 NY2d 230; *Hezekiah v Williams*, 81 AD2d 261). In our view, the conclusory allegations contained in the affidavit of plaintiff's physician as to the permanency of plaintiff's injuries are, without more, insufficient as a matter of law to establish a prima facie case of "serious injury" and, accordingly, defendants are entitled to summary judgment on the first cause of action to recover damages for personal injuries. As to the cause of action for property damage, however, we find that plaintiff is entitled to summary judgment on the issue of liability. While the granting of summary judgment is rarely warranted in a negligence action (see *Ugarriza v Schmieder*, 46 NY2d 471), the record before us presents one of those cases in which there is no conflict in the evidence, the defendant driver's conduct fell below any permissible standard of due care and the plaintiff's conduct was not involved (*Andre v Pomeroy*, 35 NY2d 361, 364-365; see, also, *Ramcharan v Angelo*, 47 NY2d 930, revg 66 AD2d 774 on dissenting mem of Presiding Justice Mollen and Justice Hopkins; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03). Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.