■ MAUREEN NOLAN et al., Respondents, v WERNER FORD, Appellant, et al., Defendant. — In an automobile negligence action to recover damages for personal injuries, etc., defendant Werner Ford appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated June 27, 1983, which denied its motion for summary judgment dismissing the complaint as against it for failure to meet the threshold requirement of having suffered " '[s]erious injury' " as defined in subdivision 4 of section 671 of the Insurance Law. ¶ Order reversed, on the law, with costs, motion granted and complaint dismissed as against defendant Werner Ford. ¶ On September 3, 1980, plaintiffs Maureen Nolan, Frances Vance, William Nolan and others were in an automobile which was involved in an accident. Their vehicle was being operated by Maureen Nolan and was struck in the rear by a vehicle driven by defendant Eugene Coleas and owned by the appellant Werner Ford, a New Jersey corporation. ¶ As a result of the impact, the then 61-year-old Frances Vance, a passenger in the Nolan vehicle, hit her head on the dashboard. She was able to sit up in the ambulance and was treated in the emergency room for pains in the head, neck, and back. She was given a soft collar to wear on her neck and released. She saw a physician on only one occasion thereafter, approximately one week after the accident. He advised her to rest and wear the collar. She utilized household help for about two weeks, and "during certain periods" continues to suffer back pain. ¶ Maureen Nolan, who was thrown against the steering wheel, was also taken to the emergency room, given a neck collar, and released. She wore the collar for about two weeks. In mid-November, 1980, Mrs. Nolan returned to the emergency room due to back problems and was given a prescription. The accident interfered with her housekeeping so that she had to hire outside assistance for five or six weeks. Mrs. Nolan was also treated by a clinical psychologist on a number of occasions due to her fear of driving and being in cars. She did not resume driving until "maybe the springtime, into the summer" of 1981. ¶ William Nolan, Jr., who was three years old at the time of the accident, suffered no physical injury but became afraid of being in automobiles. He also suffered from nightmares in which he dreamed of accidents. William entered into psychotherapy to resolve these problems. In other respects, William was described by his mother as a normal child who gets along with other children. ¶ Insofar as relevant to this

case, subdivision 4 of section 671 of the Insurance Law defined " '[s]erious injury' " as "a personal injury which results in * * * permanent consequential limitation of use of a body organ or member [or] significant limitation of use of a body function or system". The Court of Appeals has noted that the word "significant" as used in the statute "should be construed to mean something more than a minor limitation of use. We believe that a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" (*Licari v Elliott*, 57 NY2d 230, 236). ¶ The question of whether plaintiffs established a prima facie case of " '[s]erious injury' " rests with the court in the first instance (*Licari v Elliott, supra; Lopez v Senatore,* 97 AD2d 787). We find that plaintiffs have failed to meet their burden here (see *Licari v Elliott, supra; Hezekiah v Williams,* 81 AD2d 261; *Colona v Norwood,* 78 AD2d 883). Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.