■ WILLIAM D. McDONALD, Respondent, v JEFFREY M. BROWN, Appellant, et al., Defendant. — In an automobile negligence action seeking to recover damages for personal injuries, defendant Jeffrey M. Brown appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated January 24, 1984, which denied his unopposed motion for summary judgment dismissing the complaint against him for plaintiff's failure to meet the threshold requirement of having suffered serious injury as defined in Insurance Law § 671 (4).

Order reversed, on the law, with costs, motion granted, and complaint dismissed as against defendant Jeffrey M. Brown.

The question of whether plaintiff has established a prima facie case of serious injury rests with the court in the first instance (Insurance Law § 671 [4]; *Licari v Elliott*, 57 NY2d 230; *De Filippo v White*, 101 AD2d 801; *Nolan v Ford*, 100 AD2d 579; *Lopez v Senatore*, 97 AD2d 787). At bar, defendant Brown submitted in support of his motion an affidavit and medical report from a physician who had examined plaintiff on his behalf, which demonstrated that plaintiff had not sustained a serious injury. Plaintiff, on the other hand, submitted no opposition to the motion. Moreover, even a review of the chiropractor's medical report submitted in support of plaintiff's bill of particulars fails to disclose that he sustained a serious injury (*De Filippo v White, supra*). Accordingly, in view of the fact that plaintiff failed to submit "evidentiary proof in [an] admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067) which would establish a prima facie case of a serious injury, defendant Brown's motion for summary judgment should have been granted (*De Filippo v White, supra; Lopez v Senatore, supra*). Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.

■ PHYLLIS M. MUTH, Appellant, v RHODA BENJAMIN, as Executrix of MARTELL BENJAMIN, Deceased, Respondent, et al., Defendant. — In a medical malpractice action, plaintiff purportedly appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated October 4, 1983, which granted the motion of defendant Benjamin to dismiss the complaint as to her.

Appeal dismissed, without costs or disbursements.

Plaintiff died on April 11, 1982. No substitution has since taken place as required by CPLR 1015. Under these circumstances, this court has no jurisdiction to hear and determine the instant appeal (*see, Arena v Manganello*, 31 AD2d 540; *Hemphill v Rock*, 87 AD2d 836; *Byrd v Johnson*, 67 AD2d 992; *see also, Paul v Ascher*, 106 AD2d 619). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.