■ JOHN SANPIETRO, III, et al., Respondents, v JOSEPH R. McCOY et al., Appellants.—In an action to recover damages for personal injury, the defendants appeal from an order of the Supreme Court, Queens County (Kassoff, J.), dated February 6, 1986, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff, in failing to submit competent admissible medical evidence, has failed to meet his burden of coming forward with sufficient proof to raise a triable issue of fact as

to whether he sustained "serious injury" pursuant to Insurance Law § 5102 (d) *(see, Licari v Elliott,* 57 NY2d 230; *Jones v Sharpe,* 99 AD2d 859, *affd* 63 NY2d 645; *Nolan v Ford,* 100 AD2d 579).

Enactment of the Comprehensive Motor Vehicle Insurance Reparations Act (L 1973, ch 13 [eff Feb. 1, 1974]), served the dual purpose of assuring that accident victims received compensation for their economic loss and of restricting the cost of rising automobile insurance policy premiums *(Zoldas v Louise Cab Corp.,* 108 AD2d 378, 380). However, limitations were placed on the right to sue, namely, that only those who suffered a serious injury were entitled to sue to recover their damages. In 1977, "serious injury" was redefined by the Legislature to counter the fact that so many individuals were able to meet the original statutory definition and the purpose of the legislation, i.e., reducing automobile accident litigation, was being subverted (L 1977, ch 892; *see,* mem of State Executive Dept, 1977 McKinney's Session Laws of NY, at 2450).

To allow cases such as this one to proceed to trial, where there was no proof submitted as to the seriousness of the injury, would simply perpetuate a system of unnecessary litigation, a result completely at odds with the Legislature's intent. Thus, the defendants' motion for summary judgment dismissing the complaint should have been granted. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.