■ ERIKA GROTZER, Respondent, v MELISSA LEVY, Appellant. —In an action to recover damages for personal injuries sustained in an automobile accident the defendant appeals from

(1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated April 15, 1986, which ordered a new trial on the issue of damages unless the plaintiff stipulated to decrease the amount of the verdict from $175,000 to $100,000, and (2) a judgment of the same court, entered April 21, 1986, upon the plaintiff's stipulation, which is in favor of the plaintiff and against her in the principal sum of $100,000.

Ordered that the appeal from the order is dismissed; and, it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that the plaintiff failed, as a matter of law, to prove that she suffered a serious injury within the meaning of Insurance Law § 5102 (d).

While the plaintiff may have proved that she has suffered some restriction in the motion of her neck or lower back as the result of this accident, she failed to prove that such restriction constitutes a significant limitation of use of a body organ or member (see, Insurance Law § 5102 [d]; Licari v Elliott, 57 NY2d 230, 239; Nolan v Ford, 100 AD2d 579, affd 64 NY2d 681; Hezekiah v Williams, 81 AD2d 261; cf., Lopez v Senatore, 65 NY2d 1017, revg 97 AD2d 787). The plaintiff's expert's opinion on this score was nothing more than "[a] conclusory assertion * * * tailored to meet statutory requirements" (Lopez v Senatore, supra, at 1019).

Furthermore, since the plaintiff returned to work within one month of the accident it is clear that her injury did not prevent her from "performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]; see, Licari v Elliott, supra; De Filippo v White, 101 AD2d 801).

Finally, the plaintiff failed to prove that her neck or back injuries constituted a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]). The plaintiff's expert testified at trial that the plaintiff "has a

permanent problem which will never go away". Such a conclusory allegation with nothing more is not sufficient *(see, Padron v Hood,* 124 AD2d 718). Such testimony "does not rise to the level of credible medical evidence required to support [a] claim of permanency" *(Dwyer v Tracey,* 105 AD2d 476, 477; *see also, Zoldas v Louise Cab Corp.,* 108 AD2d 378).

Since no other aspect of the statutory definition of serious injury applies, it is clear that the plaintiff failed to meet her burden of proof on this issue. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.