■ Marco Martini et al., Appellants, v Christine Asmann et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Ingrassia, J.), entered December 3, 1986, which granted the defendants' motion for summary judgment dismissing the complaint, (2) an order of the same court, dated April 16, 1987, which denied their motion for leave to renew their opposition to the defendants' motion for summary judgment, and (3) a judgment of the same court, dated July 8, 1987, which was in favor of the defendants in the principal amount of $194.

Ordered that the appeals from the orders entered December 3, 1986 and dated April 16, 1987 are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The issue of whether the plaintiff Marco Martini has made a prima facie showing of having sustained a serious injury is one for the court in the first instance *(Licari v Elliott,* 57 NY2d 230, 237). We agree with the Supreme Court that the injured plaintiff has not satisfied the requirements of Insurance Law § 5102 (d) and § 5104 (a) since his injuries, "a slight

narrowing of intervertebral disc spaces * * * suggest[ing] mild cervical spondylosis", did not permanently or significantly limit the use of a body organ, function or system. Accordingly, the court properly granted the defendants' motion for summary judgment dismissing the complaint (see, Jones v Sharpe, 63 NY2d 645; Lopez v Senatore, 97 AD2d 787).

We note that the information submitted in support of the plaintiffs' motion to renew their opposition to the defendants' motion for summary judgment dismissing the complaint was clearly available at the time of the original motion and that the plaintiffs failed to provide, as is required, any explanation as to why such information was not presented in their earlier opposition (see, Brann v City of New York, 96 AD2d 923; Champlain Val. Elec. Supply Co. v Miller, 89 AD2d 1036; Foley v Roche, 68 AD2d 558). Thus, the motion to renew was properly denied. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.