■ LISA EPSTEIN, Respondent, v ANTHONY J. BUTERA, Individually and as Administrator of the Estate of ANTHONY C. BUTERA, Deceased, Appellant, et al., Defendant.—In an action

to recover damages for personal injuries, the defendants Butera appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 26, 1988, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendant is severed.

On December 31, 1985, the plaintiff was involved in an automobile accident and allegedly sustained certain personal injuries. Subsequently, the plaintiff commenced a lawsuit alleging that she had sustained a "serious injury" within the ambit of New York's "no fault" Insurance Law (see, Insurance Law § 5102). The plaintiff's bill of particulars alleges that she sustained various soft tissue injuries and a "chipped left lower incisor". The bill of particulars further alleged that plaintiff missed one week of work. In affidavits submitted by the plaintiff and her treating dentist, a Dr. Henry S. Lowenstein, it was disclosed that Dr. Lowenstein's treatment consisted of filing the tooth, although he stated in his affidavit that, "[i]f the tooth should abscess in the future because of the trauma sustained [the plaintiff] will need root canal work and possibly a cap".

Subsequently, the appellants moved for summary judgment dismissing the complaint insofar as it is asserted against them, arguing that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102. In support of their motion, the appellants submitted, inter alia, the affidavit of a dentist, Dr. Mavin Cohen, who examined the plaintiff's tooth and reported that, "[t]he tooth that was allegedly chipped as a result of the accident appeared normal, in position and was firm in its socket". Dr. Cohen further opined that "no additional dental care is required in order to restore the claimant's dentition to proper form and function". In response to the motion, the plaintiff's attorney filed an affirmation in which she alleged that, as diagnosed by Dr. Lowenstein, the plaintiff sustained a "distal incisal fracture of the coronal portion of her tooth", and that "[a] fracture of a tooth is equivalent to the fracture of a bone" (see, Insurance Law § 5102 [d]). The plaintiff's counsel conceded that none of the other injuries allegedly sustained by the plaintiff could be construed as constituting a serious injury. The Supreme Court denied the appellants' motion, reasoning, inter alia, that the tooth injury sustained by the plaintiff was a "fracture" within

the meaning of Insurance Law § 5102 and thus constituted a "serious injury" within the meaning of the foregoing section. We disagree.

It is well settled that it is incumbent upon the court to decide in the first instance whether the plaintiff has established a prima facie case of "serious injury" as defined by Insurance Law § 5102 (d) *(see, Licari v Elliott,* 57 NY2d 230; *Robbie v Ledeoux,* 146 AD2d 764, 765; *Martini v Asmann,* 146 AD2d 571; *Loucas v A & A Trucking Co.,* 134 AD2d 326, 327). We conclude that the Supreme Court erred in concluding that the alleged injury constituted a serious injury pursuant to Insurance Law § 5102. An allegation that the plaintiff sustained a chipped tooth, uncomplicated by further medical sequelae or otherwise falling within the definitional provisions of Insurance Law § 5102 (d), does not constitute a "serious injury" entitling the plaintiff to sue for damages. As we have previously observed, "[e]nactment of the Comprehensive Motor Vehicle Insurance Reparations Act (L 1973, ch 13 [eff Feb. 1, 1974]), served the dual purpose of assuring that accident victims received compensation for their economic loss and of restricting the cost of rising automobile insurance policy premiums" *(Sanpietro v McCoy,* 130 AD2d 648, 649). Subsequently, "[i]n 1977 'serious injury' was redefined by the Legislature to counter the fact that so many individuals were able to meet the original statutory definition and the purpose of the legislation, i.e., reducing automobile accident litigation, was being subverted" *(Sanpietro v McCoy, supra,* at 649). The Court of Appeals has, on numerous occasions, emphasized that a key objective of the No-Fault Insurance Law is to " 'significantly reduce the number of automobile personal injury cases litigated in the courts, and thereby help contain the no-fault premium' " *(Licari v Elliott,* 57 NY2d 230, 236, *supra,* quoting from mem of State Exec Dept, 1977 McKinney's Session Laws of NY, at 2448; *see also, Scheer v Koubek,* 70 NY2d 678, 679; *Lopez v Senatore,* 65 NY2d 1017, 1020). We decline to characterize a chipped tooth as falling within the statutory definition of "serious injury" merely because the plaintiff's dentist described the injury as a "fracture". Moreover, a broad construction of the statutory term "fracture" to include a minor tooth injury of the type involved herein would expand, rather than narrow the number of litigated automobile personal injury actions, thereby undermining the intent of the Legislature in enacting the No-Fault Insurance Law *(see, Licari v Elliott, supra; Sanpietro v McCoy, supra).* Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.