■ CATHERINE KENNEDY et al., Respondents, v KARLYN M. ANTHONY et al., Appellants, et al., Defendant. [600 NYS2d 980] — Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered May 7, 1992 in Ulster County, which, *inter alia,* denied a motion by defendants Karlyn M. Anthony and Malcolm T. Anthony for summary judgment dismissing the complaint against them.

At issue is whether a fractured tooth satisfies the "serious injury" threshold of Insurance Law § 5102 (d).* The initial determination of whether a plaintiff has made out a prima

---

* Although the bill of particulars of plaintiff Catherine Kennedy (hereinafter plaintiff) did not specifically note that her tooth was fractured, she did state therein that she suffered "trauma to mandibular anterior teeth"; this was amplified by the affidavit of plaintiff's dentist, in which he averred that her "mandibular right second bicuspid was fractured". Furthermore, defen-

facie case of serious injury must be made by the court *(see, Licari v Elliott,* 57 NY2d 230, 237); however, summary judgment is only appropriate if there is no line of reasoning by which a jury could rationally conclude that plaintiff's injury comes within the reach of Insurance Law § 5102 (d) *(supra,* at 239-240; *see, Cohen v Hallmark Cards,* 45 NY2d 493). Bearing in mind that the 1977 amendment to Insurance Law § 5102 eliminated the distinction between those fractures which are compound or comminuted and those that are not (previously only the former were considered serious injuries), it is noteworthy that the Legislature did not at that time choose to limit the scope of the provision in another way—such as by requiring that the fracture be of a bone, or of a major bone— although it could easily have done so. It is entirely appropriate to refer to a tooth or any other bony, hard material as being fractured. Nothing brought to our attention indicates that a fractured tooth was not intended by the Legislature to come within the definition of "a fracture" (Insurance Law § 5102 [d]).

Turning to the facts at hand, the parties' submissions establish that when the automobile accident involving plaintiff occurred in December 1989, plaintiff's mouth struck the steering wheel of her vehicle; as a result her lip was cut and she experienced "a lot of pain" in her bottom front teeth. She visited her dentist that day, at which time an examination and X rays revealed that one tooth, the lower right second bicuspid, was fractured and several others were somewhat loose; in all, five teeth were affected. Plaintiff was given a painkiller and advised to return in several days for further evaluation. During the second visit, the dentist performed a number of procedures on plaintiff's lower front teeth, including some repair work on the fractured tooth. In April 1991, in response to plaintiff's complaints of sensitivity to pressure and cold in the tooth, she was informed that further restorative work, including root canal therapy, might be required. Although no root canal work has apparently yet been performed on the fractured tooth, at least one of the other teeth which were damaged in the accident required root canal therapy in late 1991. The dentist's report, and the only evidence in the record generated by a dentist, incorporated by reference into his sworn affidavit, indicates that plaintiff will require "exten-

---

dants submitted in support of their motion for summary judgment plaintiff's dentist's records, in which it was clearly noted that one of plaintiff's teeth had been fractured in the accident.

sive dental care" on the lower front teeth over the course of her life and that the damage caused by the collision has resulted in a permanent change in her dental health.

By means of competent medical proof, plaintiff has established that, as a result of the accident, she suffered not merely a chipped tooth requiring no dental treatment to regain its proper form and function, but an undeniable fracture which called for prompt repair and ongoing treatment (compare, Epstein v Butera, 155 AD2d 513, 514). It would not be against the weight of the evidence for a jury to find that Insurance Law § 5102 (d) embraces such an injury; summary judgment was therefore properly denied.

Mikoll, J. P., Levine and Crew III, JJ., concur.

Casey, J. (concurring). I agree that plaintiff Catherine Kennedy (hereinafter plaintiff) has made out a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d), but not because a fracture is involved. The fractured tooth, which plaintiff did not even mention in her bill of particulars, is, as noted by Supreme Court, one of several significant injuries to plaintiff's lower teeth. According to plaintiff's dentist, the cumulative effect of the injuries is a permanent change in plaintiff's dental health which will require extensive dental care over the course of her life. In my view plaintiff's evidence is sufficient to raise a question of fact as to whether she sustained a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d). Ordered that the order is affirmed, with costs.