■ Faustina Skinner, Appellant, v City of Glen Cove et al., Defendants, and Ann M. Conlan et al., Respondents. [628 NYS2d 717] —In a negligence action to recover damages for personal injuries, the attorneys for the respective parties were directed to appear before this Court to be heard upon the issue of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1 (c), to be imposed against the counsel for the appellant for its failure to inform this Court that the appellant had died more than a year before this appeal was scheduled and that no administrator had been appointed.

Upon the proceedings before this Court on February 15, 1995, at which the attorneys for the parties had an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that within 20 days after service upon them of a copy of this decision and order with notice of entry, the appellant's attorneys, Litman & Litman, P. C., are directed to pay the sum of $1,000 to the Lawyers' Fund for Client Protection of the State of New York; and it is further,

Ordered that within 20 days after service upon them of a copy of this decision and order with notice of entry, Litman & Litman, P. C., is directed to pay to Raymond J. Furey, P. C., his successors or assigns, attorney for the respondent Touring Motors, Inc., the sum of $700; and it is further,

Ordered that within 20 days after service upon them of a copy of this decision and order with notice of entry, White, Quinlan, Staley & Ledwith, the attorney for the respondent Ann Marie Conlan, is directed to pay the sum of $250 to the Lawyers' Fund for Client Protection of the State of New York.

The defendants Ann Marie Conlan and Touring Motors, Inc., separately moved for summary judgment on the ground that all of the evidence indicated that the plaintiff had tripped and fallen on the pavement adjoining their neighbors' lot and they could not be held responsible for his injuries. The court granted the defendants' motion, and the plaintiff appealed. At calendar call on the day the appeal was originally scheduled for oral argument the appellant's attorney advised the court that the

appellant, Roy Skinner, had died in August 1993, and no representative had been appointed. As a result, the appeal was held in abeyance pending appointment of a representative for the estate. Additionally, counsel for the parties to the appeal were directed to appear before the Court for a sanctions hearing pursuant to 22 NYCRR 130-1.1 (c) for their failure to advise the Court of the appellant's death pursuant to 22 NYCRR 670.2 (g).

At the hearing on February 15, 1995, the appellant's attorney acknowledged that his client had died on August 29, 1993, and that he had known of the death for a year before the instant appeal was calendared. Although shortly after he learned of the appellant's death counsel informed the attorneys for Ann Marie Conlan, neither attorney saw fit to alert this Court to the fact that the plaintiff had died, that no administrator had been sought or appointed, and that the action had been automatically stayed. This Court was informed of these matters only upon the calling of the calendar on December 12, 1994, when the appeal was regularly scheduled for oral argument. The appellant's counsel offered no intelligible explanation for his dilatory behavior, and the attorney for Ann Marie Conlan asserted that only the appellant's counsel was under any obligation to apprise this Court of the death of his client.

This Court, however, has published under "Court Notes" in the New York Law Journal, on a daily basis, the following notice:

"Attorneys with appeals in the Second Department must notify the court immediately (1) if any case or appeal is wholly or partially settled or (2) if any issues are wholly or partially rendered moot for any reason (see 22 NYCRR 670.2 [g] or (3) if any appeal should not be calendared because of, for example, bankruptcy, *death of a party,* inability of counsel to appear due to sickness or being out of town, or an order of rehabilitation.

"The failure of counsel to promptly notify the court could result in the imposition of sanctions" (emphasis supplied; *see, e.g.,* Court Notes, NYLJ, Nov. 17, 1994, at 11, col 3).

While the primary responsibility for notifying the Court of the automatic stay resulting from the death of a party rests with the decedent's attorney, all other attorneys involved in the appeal who acquire knowledge of the event have a responsibility as officers of the court to report such a significant occurrence to the Appellate Division promptly upon learning of it, or be subject to sanctions.

Accordingly, we find the imposition of the foregoing sanctions and costs to be appropriate under the circumstances pre-

sented in this case. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.