■ SABRINA McCORMACK et al., Respondents, v COUNTY OF WESTCHESTER et al., Defendants, and NEW YORK TIMES et al., Appellants. [679 NYS2d 659] —In an action, *inter alia,* to recover damages for libel and violations of Civil Rights Law §§ 50 and 51, the defendants New York Times, Elsa Brenner, and Chris Maynard appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered December 5, 1997, as denied those branches of their motion which were to dismiss the first and fifth causes of action insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying that branch of the appellants' motion which was to dismiss the first and fifth causes of action insofar as asserted against them on behalf of the infant plaintiff Sabrina McCormack and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that counsel for the appellants and respondents are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against

counsel for the respondents pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before December 4, 1998.

The plaintiff Sabrina McCormack, an infant appearing by her mother as natural guardian, purportedly commenced the within action alleging, *inter alia*, that an article and photograph published in the New York Times defamed her and also violated her rights under Civil Rights Law §§ 50 and 51. Sabrina's parents also separately asserted defamation claims in their individual capacities.

The Supreme Court denied in part the motion of the New York Times and its employees (hereinafter collectively referred to as the Times) to dismiss the complaint insofar as asserted against them, and this appeal ensued. Approximately a month after the appeal was argued, counsel for the Times apprised this Court that he had attended a deposition a few days earlier and learned there for the first time that the infant plaintiff was deceased and had been deceased prior to the commencement of the action. It is undisputed that no proper substitution was ever made.

Since the infant plaintiff was deceased prior to the commencement of the action, and no substitution was ever made, the complaint must be dismissed insofar as it purports to assert any claim on the infant's behalf (*see, Brogan v Mary Immaculate Hosp. Div.,* 209 AD2d 663; *Bossert v Ford Motor Co.,* 140 AD2d 480; *Modica v Garvey Nursing Home,* 138 AD2d 465; *Muth v Benjamin,* 109 AD2d 736; *cf., George v Mt. Sinai Hosp.,* 47 NY2d 170, 176-177). However, as to the infant's parents, we agree with the Supreme Court that the newspaper article in question was reasonably susceptible of defamatory import and that the court therefore properly denied the motion to dismiss as to them (*see, Weiner v Doubleday & Co.,* 74 NY2d 586, *cert denied* 495 US 930; *Silsdorf v Levine,* 59 NY2d 8, 12, *cert denied* 464 US 831; *James v Gannett Co.,* 40 NY2d 415, 419; *see also, Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196).

We note additionally that this Court's rules require that an attorney notify this Court in the event of a party's death (22 NYCRR 670.2 [g]). Failure to comply with the rule may result in the imposition of sanctions (*see,* 22 NYCRR 130-1.1 [c]; *see also, Skinner v City of Glen Cove,* 216 AD2d 379).

While the plaintiffs' counsel has denied that he knew of the infant's death when the action was first commenced, he has conceded that he was aware that the infant was deceased well

prior to the date that this appeal was argued. Despite this knowledge, counsel failed to inform this Court that the infant had died. Under these circumstances, the imposition of sanctions and/or costs may be warranted.

The appellants' remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.