(March 12, 2002)

■ DORCAS E. SANCHEZ, Individually and as Mother and Natural Guardian of JONATHAN S. SANCHEZ, an Infant, et al., Respondents, v RICHARD ROMANO, Appellant. [739 NYS2d 368] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered January 30, 2001, which, insofar as appealed from, denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

This personal injury action arises from a motor vehicle accident as a result of which plaintiff claimed injuries to two of her teeth as well as injuries to her neck and back. Defendant's motion for summary judgment is based on plaintiff's alleged failure to meet the requirements of "serious injury" defined in Insurance Law § 5102 (d) as evidenced by plaintiff's medical records and affirmations of two dentists. Failure to meet the serious injury threshold requires dismissal (*Lopez v Senatore*, 65 NY2d 1017; *Licari v Elliott*, 57 NY2d 230). Defendant had the initial burden to establish that plaintiff's injuries were not serious (*Gaddy v Eyler*, 79 NY2d 955). That burden was met since the examining dentists' affirmations established that there were no injuries to plaintiff's teeth and the medical records merely revealed subjective neck and back complaints. The burden then shifted to plaintiff to prove, by competent medical evidence, that a triable issue of fact exists as to whether a serious injury was sustained (*Zoldas v Louise Cab Corp.*, 108 AD2d 378).

Plaintiff submitted affirmations from her dentists which, since they were not in admissible form, were insufficient to satisfy plaintiff's burden (*Pagano v Kingsbury*, 182 AD2d 268; *McLoyrd v Pennypacker*, 178 AD2d 227, lv denied 79 NY2d 754). The IAS court, however, dispensed with this admissibility requirement.

The examining dentist in his affirmation wrote in the "History" paragraph that "she [plaintiff] reports looseness of her teeth, following the accident, an abrasion, and a visualized crack in her right lower incisor tooth."

This affirmation merely relayed plaintiff's subjective complaints and was not based on the dentist's own examination which found that "These teeth are anatomically intact. The right incisor tooth shows a very faint horizontal craze line which extends approximately 4.5mm in the middle third. This area is not well observed. Considering diagnostic interpreta-

tion of periapical films as reported in the records, I would place little significance with respect to future endodontic implications."

The IAS court mistakenly viewed the examining dentist's affirmation as sufficient verification that plaintiff had sustained a fracture in the accident, stating erroneously: "The affirmation * * * submitted by defendant states that there is a 'visualized crack in her right lower incisor tooth.' "

While there appears to be a question as to whether a tooth crack or chip constitutes a fracture within the meaning of the Insurance Law (compare Epstein v Butera, 155 AD2d 513, with Kennedy v Anthony, 195 AD2d 942), plaintiff was unable to establish by proof in admissible form that she sustained any significant dental injury. She received no treatment, has been found to require no future treatment and has demonstrated no injury beyond minor discomfort. This is precisely the type of de minimis injury which the statutory "serious injury" requirement was designed to eliminate as a basis for recovery.

Plaintiff also submitted a chiropractor's affirmation in support of her allegations of injuries to her neck and back and, as properly found by the IAS court, CPLR 2106 does not provide that a chiropractor may affirm the truth of his statement with the same force as an affidavit. Plaintiff's failure to submit the chiropractor's report in admissible form requires its exclusion from consideration. However, even were we to consider that statement, since the chiropractor's examination of plaintiff was conducted three years after the accident, there must be objective medical evidence which connects the injuries and subjective complaints to the accident (Komar v Showers, 227 AD2d 135), and there's no such evidence here. The affirmation also lacked evidence of any objective tests performed to confirm the plaintiff's subjective complaints, rendering it insufficient to establish that she sustained a serious injury (Mobley v Riportella, 241 AD2d 443). Concur—Williams, P.J., Andrias, Rosenberger and Buckley, JJ.