Wachtler, J.
Plaintiff in this personal injury action claims that she is entitled to summary judgment. We agree that on the facts of this particular case the motion should he granted.
The facts are unoontested. On November 6, 1969 the defendant, Jean Pomeroy, was driving her car on North Broadway in White Plains. It was early in the morning, and the traffic was heavy or as the defendant herself stated “ The traffic is turning here, turning there, turning somewhere else. I’m watching the car ahead of me.”
The car directly in front of her was owned by August Pitou. Mrs. Pomeroy followed the Pitou vehicle for approximately 200 feet and “ [t]hen I looked down for a second to get a compact out of my purse, and when I looked up again this car was closer to me than I thought and I jumped on the brake.” The defendant made no effort to turn her wheel to the right or left and her car crashed “ straight on ” into the rear of the Pitou vehicle, which at that time was either stopped or moving very slowly. As the cars collided, the defendant’s daughter— the plaintiff in this action — who had been reading in the rear of the defendant’s car, was thrust against the front seat and sustained injuries to her face, neck, back and knees.
At the scene of the accident the defendant admitted that the collision occurred in this manner, and she later filed an accident report to the same effect. After the plaintiff commenced this suit the defendant repeated this version at an examination before trial and the plaintiff moved for summary judgment. Special Term denied the motion because “ the relationship between the plaintiff and the above named defendant, to wit, mother and daughter, create [s] issues which, despite the examination before trial, must await a plenary hearing. ’ ’ The Appellate Division affirmed without opinion. Justice Shapiro dissented because in his opinion ‘ ‘ there is not the semblance of a triable issue.”
On the appeal now before us — by leave of the Appellate Division — the defendant argues that summary judgment was *364 properly denied because the negligence issue is essentially a jury question.
Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues (Millerton Agway Coop. v. Briarcliff Farms, 17 N Y 2d 57). But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated.
Negligence eases, supplying the bulk of the Trial Calendar, are not exempt from this general policy. There is, in short, no absolute prohibition against granting summary judgment in such cases, as there was at one time in this State (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.03). CPLB 3212 now permits summary judgment “ in any action m [1] and that includes personal injury suits (Whitely v. Lobue, 24 N Y 2d 896).
The statute directs that “ The motion shall be granted if, upon all the papers and proof submitted, the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLB 3212, subd. [b].) Normally, if the facts are uncontested summary judgment is appropriate. However, this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law.
Thus as a practical matter summary judgment continues to be a rare event in negligence cases. But this does not mean that the court is obliged, on policy grounds, to ferret out speculative issues “ to get the case to the jury,” where the trial may disclose something the pretrial proceedings have not. It simply means, as one learned treatise observes, that when the suit is *365 founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment “ only in cases in which there is no conflict at all in the evidence, the defendant’s conduct fell far below any permissible standard of due care, and the plaintiff’s conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances.” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.03, op. cit.).
This is one of those rare cases which is ripe for summary judgment. There is no claim that the plaintiff was contributo rily negligent, and indeed there could be none on this record since it is conceded that the plaintiff was simply sitting in the rear of the defendant’s car, readihg, at the time of the collision. As to the defendant’s negligence, that was conclusively established by her own uncontested admission that while driving in-heavy traffic she took her eyes from the road, to search for something in her purse, and drove directly into the car in front of her.[2] This could not be considered reasonable conduct under any standard and it does not take a trial to resolve that point.
The order of the Appellate Division should be reversed and the plaintiff’s motion for summary judgment granted. The certified question should be answered in the negative.

. The statute only has limited application in matrimonial actions (CPLB 3212, subd. fd]).

. We would note, as Justice Shapiro did at the Appellate Division, that if the defendant’s carrier feels that the insured is concealing a valid defense, or otherwise obstructing the defense of the action brought by her daughter, the proper remedy is to disclaim liability on that ground (Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271; Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159; Insurance Law, § 167, subd. 5).