■ PETER GAMMARANO, Appellant, v ANTHONY DE LUCA, Respondent.— In a negligence action to recover damages for personal injuries sustained in an automobile accident, plaintiff appeals from an order of the Supreme Court, Kings County, dated July 27, 1976, which denied his motion for partial summary judgment. Order affirmed, with $50 costs and disbursements. It has long been the practice of courts to grant summary judgment in automobile negligence cases sparingly, because "The very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances" (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:8, p 430; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03). "When the suit is founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment 'only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances' " *(Andre v Pomeroy,* 35 NY2d 361, 364–365). In the instant case, the parties disagree as to whether plaintiff was in fact standing in a safety zone when he was struck by defendant's car, and also disagree as to what part of the car struck plaintiff.

These factual disagreements also raise the question of whether plaintiff was in some manner contributorily negligent. Further, there were no admissions by defendant which show beyond dispute that his conduct was far below any permissible standard of due care. Under these circumstances, Special Term was correct in denying plaintiff's motion for partial summary judgment. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.