■ GLORIA O., Respondent, v PIERRE DAVID L., Appellant.—In a paternity proceeding, the appeal is from an order of the Family Court, Nassau County, entered August 4, 1978, which determined that appellant was the father of the child born to petitioner. Permission for the taking of this appeal is hereby granted. Order affirmed, with costs. No opinion. Hopkins, J. P., Suozzi, Gulotta and Cohalan, JJ., concur.

■ CORRADO PITTARI et al., Respondents, v PAUL WILLIAMS et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., defendants Paul Williams and K & C Car Service, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated December 28, 1978 (as resettled by an order dated February 20, 1979), as, *inter alia,* granted that branch of plaintiffs' motion seeking summary judgment against them and set the matter down for an assessment and apportionment of damages. Order, as resettled, reversed insofar as appealed from, with $50 costs and disbursements, that branch of plaintiffs' motion seeking summary judgment against defendants Williams and K & C Car Service, Inc., is denied and the action is remanded to Special Term for consideration of the other branch of plaintiffs' motion against defendants Williams and K & C Car Service, Inc., in accordance herewith. The instant action arose out of a collision between two vehicles. A review of the pleadings, the moving papers and the exhibits annexed thereto indicate that the vehicle owned by defendant Salvatore Montalbano, and driven by defendant Richard Montalbano, struck the vehicle owned by defendant-appellant K & C Car Service, Inc., and driven by defendant-appellant Paul Williams, on the right side, either at the center or the rear, as both vehicles entered the intersection of Avenue P and West 10th Street in Brooklyn. The latter vehicle then struck a parked vehicle and mounted the sidewalk injuring the plaintiffs who were pedestrians. In granting plaintiffs' motion for summary judgment Special Term held that all of the defendants had failed to establish "the existence of material facts of sufficient weight to create a triable issue". We disagree. In view of the fact that this case involved a multicar collision and in view of the point of impact and relative positions of the two cars thereafter, a question of fact existed, at the very least, as to the liability of one pair of the defendants. Even Special Term recognized this possibility when, in its resettled order, it directed an apportionment between the respective defendants "including a determination of non-negligence upon the part of one of the defendants". This issue of fact can only be resolved by a full trial between the parties to this appeal (cf. *Andre v Pomeroy,* 35 NY2d 361). Accordingly, summary judgment should not have been granted against defendants Williams and K & C Car Service, Inc. Since Special Term, in granting summary judgment to plaintiffs against defendants Williams and K & C Car Service, Inc., did not deal with that branch of plaintiffs' motion which was to strike the answer of these defendants for failure to comply with a prior order directing them to appear for an examination before trial, the matter is remanded to Special Term for consideration of that branch of the motion. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.