■ RICHARD MILETO, as Administrator of the Estate of Susanne M. Mileto, Deceased, et al., Respondents, v KEVIN M. HOLLIDAY et al., Defendants, and GULF OIL CORPORATION et al., Appellants.—In a negligence action to recover damages for wrongful death, etc., defendants Amerco Lease Company (Amerco) and Gulf Oil Corporation (Gulf) separately appeal from an order of the Supreme Court, Putnam County, dated March 17, 1980, which denied their respective motions for summary judgment dismissing the complaint as against them. Order reversed, on the law, motions granted, and complaint dismissed as against the defendants Amerco and Gulf, with one bill of $50 costs and disbursements payable jointly to the appellants by the plaintiffs. At approximately 2:30 A.M. on January 1, 1979, the 17-year-old deceased and two young companions were walking on the paved shoulder adjoining the southbound lane of State

Highway 22 in Brewster, New York. The three young people, attempting to hitchhike home, were walking backward in a southerly direction while facing oncoming southbound traffic. As they were doing so, defendant Kevin Holliday approached them driving southbound in a 1976 Chevrolet truck. In an apparent attempt to pass another vehicle on the highway, Holliday accelerated and drove onto the seven-foot wide shoulder of the roadway striking and killing both the deceased and one of her two companions. Holliday left the scene but was subsequently apprehended and was ultimately convicted of two counts of criminally negligent homicide in connection with the incident. The liability of defendants Amerco and Gulf was predicated upon their respective ownership and control of two U-Haul trucks which were parked in the vicinity of the accident. It was alleged that the said defendants may be found negligent in that the U-Haul trucks, positioned as they were, could have "caused the decedent to venture dangerously and fatally within the range of oncoming traffic." The evidence submitted on the appellants' motions for summary judgment established that the U-Hauls were parked on the unpaved grassy area some distance off and beyond the shoulder on which the deceased was walking. In that regard, Thomas Nelson, the deceased's companion who escaped injury, submitted an affidavit in which he made the following assertions relating to the U-Hauls: "Also, regarding the U-Haul trucks, I recall seeing more than one, and perhaps two U-Haul trucks parked off the side of the road, off of the paved portion of the roadway and nowhere near the moving lanes of southbound traffic. * * * In my opinion, the U-Haul trucks were in no way involved in this accident and were in no way protruding out onto the travelled portion of the roadway. In my honest opinion, I see absolutely no way that the U-Haul vehicles could have contributed to this accident. I didn't think they were involved at the time and now, months later I still don't feel or believe that they were in anyway involved in or caused this accident. At that area where the 'VAN' attempted to go around the 1st vehicle, the road was just opening up, and if it was the 'VAN' operator's intention of passing the first vehicle by entering onto the shoulder and going around the 1st vehicle, and then re-entering the normal driving lanes, he could have done so without any interferences or obstructions by the parked U-Haul vehicles which were off of the roadway and off of the shoulder and on the grassy area adjacent to, or, west of the shoulder. The U-Haul trucks were simply not involved." In our view, the evidence submitted on the motions clearly demonstrates that the presence of the U-Haul trucks did not contribute to the decedent's death in any way. Accordingly, there being no triable issues of fact relating to the liability of defendants Amerco and Gulf, their motions for summary judgment should have been granted and the complaint as against them should have been dismissed. (Cf. *Andre v Pomeroy*, 35 NY2d 361.) Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.