*926 OPINION OF THE COURT
Arnold F. Ciaccio, S.
The temporary coadministrators c. t. a. and cotrustees of the estate of Bernard P. Birnbaum (petitioners) seek Surrogate approval to commence partition actions pursuant to RPAPL 901 and SCPA 1901 with respect to properties that are owned as tenancies in common by the estate on the one hand and Saul I. Birnbaum, brother and partner of the deceased and a suspended coexecutor of the estate, on the other. An answer opposing the petition has been filed by Saul I. Birnbaum (respondent) in his capacity as a beneficiary under the will.
Petitioners have moved for summary judgment on the ground that the answer fails to state a defense and lacks merit. In response to the motion the respondent has submitted the affirmation of counsel averring essentially that in seeking the approval to pursue partition of some 10 parcels of real estate owned in common as aforesaid, the application fails to differentiate among the properties both as to their physical attributes and their values. Counsel’s affirmation goes on to claim that the nature of the properties — for example, those operating bowling alleys on a net-net basis to a parent corporation and others involving commercial tenancies — require the court to involve itself in the substantive determination of the estate’s best interests on a property-by-property basis. Aside from the suggestion that a property-by-property review be made of the feasibility of partition, respondent’s opposition to the motion for summary judgment is essentially devoid of evidentiary material which would give rise to any issue of fact to be determined at a trial or hearing on the specific issue of whether or not the fiduciary should be given approval to seek a partition of the properties owned in common as is required by statute.
Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v Seppos, 46 NY2d 223). The key to summary judgment is issue finding rather than issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). Nevertheless, when it is demonstrated that no genuine issue of fact exists which needs to be resolved at a trial or hearing, the case should be summarily decided. "[A]n unfounded reluctance to employ the remedy [summary judgment] will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated” (Andre v Pommeroy, 35 NY2d 361, 364). In addi *927 tion, it is a remedy which if denied in an appropriate case will burden not only the court system but the litigants with avoidable and unnecessary expense. While the avoidance of the expense of a hearing on this less than monumental issue would be an expense that would pale into insignificance to the costs already incurred in this family/estate litigation, nevertheless, where summary judgment is called for in the absence of triable issues of fact, it is incumbent on the courts to decide summarily when it can do so appropriately.
The relief requested, i.e., approval to proceed to partition is based upon a change in the law which occurred in 1975. Prior thereto any owner in common of real property, except an executor or administrator, could commence, maintain or intervene in a partition action.
The rationale behind the omission of an estate’s legal representative as an appropriate party to partition is not totally clear to the court. Whether a vestige of the old view of "non-alienation” of the title to realty at death, i.e., the legal representative does not succeed to the decedent ownership or for some other view now outdated; whatever the rationale, an estate did not enjoy the same right to partition as would its co-owner. The amendment was accompanied by a memorandum by the legislative proponent which stated: "Final settlement of an estate is often delayed many years accordingly [inability to seek partitions]. The Estate representative is presently [before amendment] limited to selling only the decedent’s interest which has the practical effect of limiting buyers to the other co-owner or co-owners: and thus limiting the price obtainable for such interest. Whereas, in a partition action, the entire parcel * * * can be sold at public auction. ” (1975 NY Legis Ann, at 142-143.)
The amendment as enacted added subdivision (4) to RPAPL 901 to authorize an executor or administrator to commence such an action or to participate in an action already pending upon approval of the Surrogate. Unfortunately, the enactment of that legislative change was not accompanied by any clear-cut standard for the granting or denial of Surrogate approval to partition. Subsequent case law has offered few if any guidelines. Petitioners contend that the requirement of obtaining the approval of the Surrogate to initiate the partition proceedings is procedural, simply a way of providing notice to the beneficiaries (particularly specific devisees) that such action might be forthcoming or that one is pending. They reason further that unless the beneficiaries of an estate are also co- *928 owners, they would not be parties to the partition proceeding itself. It is suggested that the beneficiaries might want to buy the property for business of personal reasons themselves and could take whatever steps necessary before a partition action is commenced. Without such Surrogate involvement, those beneficiaries would not be apprised of the partition proceeding.
The respondent on the other hand contends that the added section would not have been enacted if the Legislature did not intend the Surrogate to be involved in the fundamental determination of whether partition was in the best interest of the estate and to involve itself in some way into the merits of the partition proceeding.
The amendment adds a step to the partition process where an estate is involved. As stated it does not grant to the Surrogate any additional authority to determine the merits of partition. It would be an extraordinary exercise of judicial discretion to read such authority into the statute. Notwithstanding, the expansion of Surrogate’s Court jurisdiction as enunciated most recently in Matter of Piccione (57 NY2d 278) and while conceivable that partition actions where all the parties are also beneficiaries could be brought in this court, this Surrogate refuses to inject himself and the court into the partition process on the basis of the pleadings and record presented here. The Surrogate is limited to "granting approval” which cannot be interpreted to include fact finding and determination of the substantive issues that may be involved. Those issues and all of the respective rights and equities of the co-owners are still reserved to the trier of the partition action.
The respondent is, as indicated, a co-owner of the property and will clearly be an appropriate and interested party in the partition proceeding itself. He will have his time and place to object to the partition if and when it is sought by the estate. The other interested parties in this estate have properly been served and have not responded. Respondent’s objections raise substantive issues properly addressed by the court presiding over the actual partition. The opposition to this approval request does not raise issues involving inadequate or defective notice to any person interested in the estate. Accordingly, the procedural role of the Surrogate has been satisfied and approval for the petitioners to commence, maintain or intervene *929 in partition proceedings involving this estate is granted. summarily