■ INEZ E. DAVIS, Respondent, v NORMA BEST, Respondent-Appellant; MARGO P. DUKE, Appellant-Respondent, and BARN TRAILER SERVICE, INC., et al., Respondents. (Action No. 1.) MARGO P. DUKE, Respondent, v NORMA BEST, Appellant, and HARRY L. SIMMS et al., Respondents. (Action No. 2.) STATE FARM AUTOMOBILE INSURANCE COMPANY et al., Respondents, v NORMA BEST, Appellant, and HARRY L. SIMMS et al., Respondents. (Action No. 3.) LORRAINE WEDDERBURN, Respondent, v MARGO P. DUKE, Appellant-Respondent; HARRY L. SIMMS et al., Respondents, and NORMA BEST, Respondent-Appellant. (Action No. 4.) (And Another Action.)—In consolidated negligence actions to recover damages for personal injuries, Margo P. Duke and Norma Best separately appeal and cross-appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated November 4, 1985, which denied their separate motions for summary judgment dismissing the respective complaints and cross claims asserted against them.

Ordered that the appeal by Norma Best is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [b], [f]).

Ordered that the order is affirmed insofar as appealed from by Margo P. Duke, with one bill of costs payable to the respondents, appearing separately and filing separate briefs.

The record raises triable issues of fact concerning the circumstances resulting in the three-car chain-reaction collision at issue, and whether Margo P. Duke, a driver of one of the vehicles involved in the collision, acted reasonably under the circumstances. It cannot be said that Duke's conduct " 'either was not really involved [since she was the driver of one of the vehicles] or was clearly of exemplary prudence in the circumstances' " (Andre v Pomeroy, 35 NY2d 361, 365, quoting from 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03), thereby warranting summary judgment in her favor. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.