TRUSTEES OF THE WELFARE, PENSION AND ANNUITY FUNDS OF BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL No. 44 et al., Respondents, v VINCENT IORIO, Appellant, et al., Defendants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered September 19, 1989 in Dutchess County, which, upon reconsideration, *inter alia,*

denied defendant Vincent Iorio's motion for summary judgment dismissing the complaint against him.

Plaintiffs claim that they have a valid mechanic's lien against real property owned by defendant Vincent Iorio and, in this action, seek, *inter alia,* judgment of foreclosure of the lien. Prior to the service of his answer, Iorio moved for summary judgment upon the basis that defendant Hopewell Masonry, Inc., the masonry subcontractor against whom plaintiffs' monetary claims lie, was paid in full with a $10,000 payment on December 18, 1987. Plaintiffs opposed the motion, citing the existence of further work subsequent to December 18, 1987 and which was not covered by the payment. Supreme Court initially granted summary judgment to Iorio, finding that plaintiffs had failed to produce evidentiary proof in opposition to the motion, but, upon reconsideration, denied summary judgment and directed disclosure.

On this appeal, Iorio initially contends that plaintiffs' motion for reconsideration was defective. We disagree. Plaintiffs clearly directed to Supreme Court's attention an affidavit made on personal knowledge demonstrating that substantial masonry work was rendered after the date that Iorio paid the bill for work that had been complete prior thereto. Thus, a question of fact was at issue and summary judgment was properly denied *(see, Andre v Pomeroy,* 35 NY2d 361; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Moreover, considering plaintiffs' limited access to information possessed by defendants prior to the action, and the extremely early stage of this action, plaintiffs demonstrated an entitlement to discovery *(see,* CPLR 3212 [f]; *see also,* CPLR 3211 [d]).

Iorio's remaining argument is similarly without merit. Iorio contends that plaintiffs neglected to allege that he owes money to the general contractor. The complaint does allege that Iorio owes money to the masonry subcontractor, which could imply a derivative debt. However this issue should properly be raised at Supreme Court where the pleadings could be liberally interpreted and appropriate remedies, if necessary, fashioned, rather than being raised for the first time on appeal.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.