(February 19, 1991)

■ ANTHONY GIORDANO, Respondent, v WHITE CASTLE SYSTEM, INC., Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on June 4, 1990, which granted plaintiff-respondent's motion for summary judgment, reversed, on the law, and the motion denied, without costs.

The complaint alleges that plaintiff became violently ill and suffered continuing disability as a result of ingesting a contaminated soft drink purchased from defendant's White Castle restaurant. The record established that within five minutes of plaintiff's purchase of hamburgers and soda from the take-out section of defendant's restaurant, he allegedly became violently ill and had to be hospitalized as a result of ingesting a "bleach-like" substance allegedly contained in the soft drink. The police laboratory analysis confirms that the sample taken

contained a chloride concentration of synthetic detergents, which in the report's opinion would be hazardous if taken internally.

In plaintiff's deposition, he testified that after purchasing the hamburgers and soft drinks he and a friend drove to a section of the parking lot. Plaintiff testified that when he first drank the contaminated soda he thought that his friend had "played something" on him.

Inasmuch as the complaint sounds in negligence, summary judgment should not have been granted on this record. *(See, Andre v Pomeroy,* 35 NY2d 361, 365.)

The fact that the allegedly contaminated cup was in plaintiff's exclusive control for five minutes after leaving the restaurant, considered in light of his testimony that he thought at first that his friend "played something" on him, raises factual issues, including credibility, concerning matters within plaintiff's exclusive knowledge, sufficient to require a trial. *(See, Castillo v General Acc. Ins. Co.,* 111 AD2d 112.) Concur— Murphy, P. J., Rosenberger and Asch, JJ.

Milonas, J., dissents and would affirm for the reasons stated by Anita Florio, J., at the Supreme Court.