Titone, J.
(dissenting). I dissent. It is undisputed that the law permits police officers to use physical force, and even deadly physical force, when reasonably necessary to prevent the escape of a fleeing felon who has committed a violent crime. Nothing in the recent Supreme Court case law contradicts that obvious legal precept, whose vitality is so critical to the preservation of an orderly society (see, Graham v Connor, 490 US 386; Tennessee v Garner, 471 US 1). Since the archetypal facts in this case fit squarely and neatly within the contours of this fundamental axiom governing law enforcement’s prerogatives, I would hold that the police officers’ actions in this case were, as a matter of law, reasonable and that, accordingly, plaintiff’s tort claim should not have been submitted to the jury.
Like my dissenting colleague Judge Bellacosa, I begin with the recognition that questions involving the reasonableness of *929 a particular actor’s conduct are ordinarily reserved for resolution by a trier of fact (see, e.g., People v Harrison, 57 NY2d 470, 477-478; Ugarriza v Schmieder, 46 NY2d 471, 475-476; Andre v Pomeroy, 35 NY2d 361; Sadowski v Long Is. R. R. Co., 292 NY 448, 455). However, this "established” principle of procedural law (see, majority mem, at 928) does not provide an automatic entree to a jury (Andre v Pomeroy, supra). As we have noted on many occasions, the courts still have the duty to "make the threshold determination as to whether the plaintiff, by introducing adequate evidence on each element, has made out a case sufficient in law to support a favorable jury verdict” (Basso v Miller, 40 NY2d 233, 242). Where such a threshold showing has not been made, " 'the case should go no further’ ” and the claim should be dismissed "as a matter of law” (Akins v Glens Falls City School Dist., 53 NY2d 325, 332).
The need for thoughtful application of these principles with a view toward weeding out truly meritless claims is particularly acute in cases such as this involving claims of excessive force by the police. Confrontations between police officers and criminal suspects often — indeed, almost necessarily — involve an element of force. Thus, some clear boundaries for what does and does not constitute "reasonable” force must be delineated as a matter of law, lest every pursuit and arrest resulting in injury lead to a fully litigated tort case that must be submitted to a jury. The specter of civil juries regularly and routinely weighing the "reasonableness” of police conduct during the course of an arrest in much the same manner as they would weigh the reasonableness of an automobile driver’s responses to a traffic situation is an unacceptable outcome, particularly in light of the likely chilling effect that such an outcome would have on the efforts of law enforcement personnel. In the presence of such weighty policy considerations, we should not be hesitant to dismiss claims of excessive force where the police conduct in question can readily be characterized, as a matter of law, as reasonable.
This case provides a classic illustration of when such a disposition is appropriate. Responding promptly to the 72-year-old victim’s cry for help, the police in this case came upon what was clearly a mugging. What the officers saw and heard when they arrived at the scene left no room for doubt that a crime of violence involving at least two attackers and a *930 "lookout” had just occurred.* Further, as even plaintiff’s evidence indicated, the attackers attempted to flee down a flight of steps and through a subway passageway as soon as they were alerted to the presence of the police. Given the immediacy of the occurrence, the clear risk of an escape into the labyrinthine subway system and the obvious need to act quickly and without reflection, I would conclude, without reservation, that the arresting officer acted reasonably as a matter of law when he fired his gun at the fleeing suspect in an effort to prevent him from eluding arrest and remaining free to commit other violent crimes against other innocent victims. Any other conclusion would cast a serious pall on the ability of the police to do the job society has assigned them: preventing crime and apprehending violent criminals.

 It is true, as the majority observes (majority mem, at 928), that, according to plaintiffs evidence, Officer Rodriguez might not have actually seen the mugging. Nonetheless, even plaintiff acknowledges that the officers arrived at the scene in time to hear the 72-year-old victim’s cries for help as well as the lookout’s warning and to see plaintiff and his cohort fleeing down a nearby staircase. Under any view of the facts, those observations are sufficient to support a reasonable belief by the officer that a violent crime had just occurred and that the perpetrators were about to escape.