■ JUDITH M. CLARK, Individually and as Administratrix of the Estate of STANLEY CLARK, Deceased, Respondent, v NEW YORK HEALTH & HOSPITALS CORPORATION, Defendant, and DAVID WEINER, Appellant. [602 NYS2d 890] —In an action to recover damages for medical malpractice, etc., the defendant David Weiner appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated July 11, 1991, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as it is against him, and the action against the remaining defendant is severed.

The plaintiff's principal theory of liability against the defendant David Weiner, is that Dr. Weiner allegedly "prevented"

the decedent—whom he had previously treated at Downtown Beekman Hospital—from being admitted to Kings County Hospital, where the decedent was seeking emergency care at the time. Notably, Dr. Weiner had no affiliation with, or admitting privileges at Kings County Hospital, and did not direct the decedent to seek treatment at that particular facility.

According to the plaintiff, Dr. Weiner "prevented" the decedent's admission to Kings County Hospital because, *inter alia*, he spoke by telephone during the day on three occasions with the treating physician at Kings County Hospital, Dr. Gerald Rosen, and agreed with Dr. Rosen to have the decedent transferred to Downtown Beekman Hospital, where Dr. Weiner was affiliated. The plaintiff claims that the delay resulting from the transfer—and discussions concerning the transfer—prevented the decedent's admission to Kings County Hospital and thus the administering of lifesaving treatment at an earlier time.

We agree with Dr. Weiner that the court should have granted him summary judgment dismissing the complaint insofar as it is asserted against him, since the plaintiff's conclusory and unsupported allegations of medical malpractice are "insufficient to defeat defendant physician's summary judgment motion" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 325; *Andre v Pomeroy,* 35 NY2d 361, 364).

The plaintiff did not dispute that, as a physician possessing no affiliation with and no practicing privileges at Kings County Hospital, Dr. Weiner had no authority to require the decedent's admission to that hospital. Nor was he in a position to exercise control over the medical personnel at Kings County Hospital, who did possess the authority to decide whether the decedent's condition warranted a formal admission to their facility *(cf., Graddy v New York Med. Coll.,* 19 AD2d 426). In any event, the record contains no evidence establishing that Dr. Rosen would have admitted the decedent but for Dr. Weiner's telephone conversations or, indeed, that Dr. Rosen in any material way modified his treatment strategy based upon anything Dr. Weiner said to him.

Finally, we conclude that there are no material questions of fact with respect to the plaintiff's alternate theory of liability against Dr. Weiner, to wit, that he was responsible for permitting the decedent to travel to Downtown Beekman Hospital in a private car rather than in a fully equipped ambulance. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.