■ MANUEL VASQUEZ, Respondent, v CITY OF NEW YORK, Respondent, and SANI-LAV, Appellant. [604 NYS2d 76] —Order, Supreme Court, New York County (Martin Schoenfeld, J.) entered December 15, 1992, which denied defendant Sani-Lav's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant rented portable toilets to a parade committee for use on a public street. Plaintiff claims that while he waited on line to use a public toilet at the specified location, he noticed clear fluid leaking from the unit. As he turned to walk away, he allegedly slipped on the fluid, and sustained physical injury. Defendant moved for summary judgment, contending

that, as a matter of law, a wet condition on a public sidewalk in summertime would not constitute a defect, that defendant Sani-Lav was not in control of the subject premises, and that the deposition testimony of defendant's witness establishes that the alleged defective condition could not have arisen through defendant's negligence. We agree with the court below that the existence of several unresolved issues of fact precludes summary judgment *(see generally, Andre v Pomeroy,* 35 NY2d 361, 364). Indeed, several factual controversies arise from defendant's own deposition testimony. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Rubin, JJ.