OPINION OF THE COURT
Herman Cahn, J.
Defendant Citibank, N. A. (Citibank) moves for an order, pursuant to CPLR 3212, granting it summary judgment dismissing the complaint.
Plaintiff Aleo International, Ltd. (Aleo) is a domestic corporation. On October 13, 1992, one of Aleo’s vice-presidents, *951 Vera Eyzerovich (Ms. Eyzerovich), entered her local Citibank branch and instructed Citibank to make an electronic transfer of $284,563 United States dollars to the Dresdner Bank in Berlin, Germany, to the account of an individual named Behzad Hermatjou (Hermatjou). The documentary evidence submitted shows that at 5:27 p.m. on October 13, 1992, Citibank sent the payment order to the Dresdner Bank by electronic message. Dresdner Bank later sent Citibank an electronic message: "Regarding your payment for USD 284.563,00 DD 13.10.92 [indecipherable] f/o Behzad Hermatjou, Pis be advised that we have credited A.M. beneficiary DD 14.10.92 val 16.10.92 with the net amount of USD 284.136,16.” This information was confirmed by the Dresdner Bank by fax to Citibank on July 29, 1993: "Please be advised that on 14.10.92 at 09:59 o’clock Berlin time Dresdner Bank credited the account of Behzad Hermatjou with USD 284.136,16 (USD 284.563,00 less our charges).” It is undisputed that Berlin time is six hours ahead of New York time, and that 9:59 a.m. Berlin time would be 3:59 a.m. New York time. At approximately 9:00 a.m. on October 14, 1992, Ms. Eyzerovich instructed Citibank to stop the transfer. When Citibank did not, this action ensued.
Article 4-A of the Uniform Commercial Code governs electronic "funds transfers.” The Comment to UCC 4-A-102 states that the provisions of article 4-A "are intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the Article. Consequently, resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article.” Article 4-A does not include any provision for a cause of action in negligence. Thus, unless Citibank’s failure to cancel Ms. Eyzerovich’s transfer order was not in conformity with article 4-A, plaintiff Aleo has failed to state a cause of action, and this action must be dismissed.
UCC 4-A-211 (2), which governs the cancellation and amendment of payment orders, provides that "a communication by the sender cancelling or amending a payment order is effective to cancel or amend the order if notice of the communication is received at a time and in a manner affording the receiving bank a reasonable opportunity to act on the communication before the bank accepts the payment order.”
"Acceptance of Payment Order” is defined by UCC 4-A-209 *952 (2), which provides that: "a beneficiary’s bank accepts a payment order at the earliest of the following times: (a) when the bank (i) pays the beneficiary * * * or (ii) notifies the beneficiary of receipt of the order or that the account of the beneficiary has been credited with respect to the order.”
The documentary evidence shows that Hermatjou’s account was credited on October 14, 1992 at 9:59 a.m. Berlin time. Thus, as of 3:59 a.m. New York time, the Dresdner Bank "paid the beneficiary” and thereby accepted the payment order. Because this payment and acceptance occurred prior to Ms. Eyzerovich’s stop transfer order at 9:00 a.m. on that day, according to UCC 4-A-211 (2), Ms. Eyzerovich’s attempt to cancel the payment order was ineffective, and Citibank may not be held liable for failing to honor it.
"Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law * * * [WJhen there is no genuine issue to be resolved at trial, the case should be summarily decided.” (Andre v Pomeroy, 35 NY2d 361, 364.)
Accordingly, defendant’s motion is granted and this action is dismissed.