■ C&L GOLF, INC., et al., Respondents, v GEORGE F. KOPAC et al., Appellants. (Action No. 1.) GEORGE KOPAC et al., Appellants, v C&L GOLF, INC., et al., Respondents. (Action No. 2.)

[635 NYS2d 541] —In an action to rescind a contract and to recover damages sustained in the purchase of real property (Action No. 1) and a related action to foreclose a mortgage (Action No. 2), which were consolidated for appeal, George Kopac and Gertrude Kopac appeal, (1) in Action No. 1, from (a) an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 25, 1993, which granted the motion of C&L Golf, Inc., for summary judgment and rescinded the contract of sale, (b) a judgment of the same court, entered November 3, 1993, which is in favor of C&L Golf, Inc., and against them in the principal sum of $3,932,778.86, (c) an order of the same court (Scarpino, J.), dated April 7, 1994, which denied their motion for reargument of the motion for summary judgment, and (2) in Action No. 2, from an order of the same court (Stolarik, J.), dated June 25, 1993, which denied their motion for summary judgment and, *sua sponte,* dismissed their complaint.

Ordered that the appeal from the order dated April 7, 1994, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from the order dated June 25, 1993, in Action No. 1 is dismissed; and it is further,

Ordered that the judgment in Action No. 1 is reversed, the order dated June 25, 1993, in Action No. 1 is vacated, the motion by C&L Golf, Inc., for summary judgment is denied, and Action No. 1 is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated June 25, 1993, in Action No. 2 is modified by deleting the provision thereof which dismissed the complaint; as so modified, the order is affirmed, and Action No. 2 is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

There are triable issues of fact in connection with C&L Golf, Inc.'s, motion in Action No. 1. Therefore, the court improperly granted summary judgment in Action No. 1 *(see, Andre v Pomeroy,* 35 NY2d 361; *Nash v Assessor of Town of Southampton,* 168 AD2d 102) and in light of this determination the

Supreme Court also improperly dismissed the complaint in Action No. 2, since the appellants may prevail in Action No. 1, and hold a seemingly valid purchase money mortgage on the property in question. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.