## PB 2180 Pitkin Ave. LLC v Tress

2024 NY Slip Op 33674(U)

October 4, 2024

Supreme Court, Kings County

Docket Number: Index No. 527385/19

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of the State
of New York held in and for the County of Kings
at 360 Adams Street, Brooklyn, New York, on the
___4th___ day of *October* 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PB 2180 PITKIN AVENUE LLC,

                          Plaintiff,

           - against -

MARK TRESS,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Motion Seq. 1-2
Index No. 527385/19
**DECISION AND ORDER**

The following e-filed papers read herein:

NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____

13-26   30-32

Opposition Affidavits (Affirmations) Annexed_____

36-37   46-50

Reply Memorandum of Law _____

40-45

Upon the foregoing papers in this action for breach of a settlement agreement and a personal guaranty, plaintiff PB 2180 Pitkin Avenue LLC (PB 2180 or Plaintiff) moves (in motion sequence [mot. seq.] one) for an order, pursuant to CPLR 3212, granting it summary judgment (NYSCEF Doc No. 13). Defendant Mark Tress (Tress or Defendant) cross-moves (in mot. seq. two) for an order: (1) dismissing the complaint, pursuant to CPLR 3211 (a) (7); (2) dismissing the complaint, pursuant to CPLR 3211 (a) (1); and/or (3) dismissing the complaint, pursuant to CPLR 3212 (NYSCEF Doc No. 30).

On December 17, 2019, PB 2180, the owner and landlord of a commercial building at 2186-2188 Pitkin Avenue in Brooklyn (Property), commenced this action by filing a summons and a complaint against Tress as guarantor of its tenant's rent (NYSCEF Doc No. 1). The complaint alleges that:

> "Mark Tress was the personal guarantor for Tenant (Kinder Stuff 10 LLC who maintained space at [the Property]) under the terms and conditions of a Lease between the Plaintiff and the Tenant. The guaranty obligates Mark Tress to guarantee the full and timely performance and observance of all the covenants, terms, conditions and agreements in the Lease that are to be performed and observed by the Tenant, including for rental payments up to when the

1

[* 1]

premises are returned to landlord vacant, broom clean and in the same condition at commencement of the lease" (*id.* at ¶ 3).

The complaint alleges that "Tenant breached the Lease between the parties in failing to pay rent and additional expenses that it was contractually obligated to pay for starting the month of August 2012" and "Plaintiff commenced a summary holdover proceeding against Tenant and Defendant to recover the rent and additional rent" (*id.* at ¶¶ 7 and 8). The complaint alleges that the parties "executed a stipulation of settlement dated August 31, 2013 acknowledging that the rental arrears from August 1, 2012 through August 31, 2013 was at $130,814.00[,]" after which the appellate court dismissed the Landlord Tenant Petition as it pertained to Tress for lack of subject matter Jurisdiction. (*id.* at ¶¶ 9 and 15). The complaint asserts two causes of action against Tress for breach of the August 2013 settlement agreement and for breach of the personal guaranty in the lease.

On January 22, 2020, Tress answered the complaint, denied the material allegations therein and asserted affirmative defenses (NYSCEF Doc Nos. 4 and 8).

On September 29, 2022, PB 2180 moved for summary judgment on its claims against Tress based on a fact affidavit from Philip Baldeo (Baldeo), Plaintiff's representative who "participated in the transactions at issue" (NYSCEF Doc No. 26 at ¶ 1). Baldeo attests that PB 2180 is the owner of the Property and, on or about December 1, 2010, non-party Kinder Stuff 10 LLC (Tenant) leased the retail space on the first floor, second floor, basement and backyard of the Property (*id.* at ¶¶ 3-4). Baldeo attests that defendant Tress "was the personal guarantor for Tenant under the terms and conditions of the Lease" (*id.* at ¶ 6). Regarding the guaranty, Baldeo attests that:

> "[t]he guaranty therein, obligated Tress to guarantee the full and timely performance and observance of all the covenants, terms, conditions and agreements in the Lease, including the rental payments, up to when the Premises were returned to landlord vacant, broom clean and in the same condition at commencement of the Lease" (*id.* at ¶ 7).

Baldeo attests that "Tenant breached the Lease by failing to pay rent and additional expenses beginning in August 2012" and "Defendant Tress then breached the personal guaranty by refusing to pay the monies due as a result of Tenant's breach" (*id.* at ¶¶ 9-10). Baldeo attests that "[a]s of this date, pursuant to the terms of said Lease, there is due to Plaintiff by Defendant,

2

[* 2]

the amount of $159,478.00 as all arrears through November 30, 2013, as well as $15,000.00 in legal fees amounting to $174,478.00, plus statutory interest from February 1, 2014, costs, fees and disbursements" (*id.* at ¶ 11).

Notably, Paragraph 28 of the Rider to the December 1, 2010 lease annexed to Plaintiff's moving papers, entitled "A Limited 'Good Guy' Personal Guaranty," explicitly provides that:

> "**MARK TRESS- shall be Personally liable for all rent due pursuant to this lease UP to and including the date said premises are returned to landlord vacant, broom clean and in same condition at commencement of this lease subject to ordinary wear and tear *UPON THE CORPORATION (KINDER STUFF 10 LLC) REFERENCED HEREIN FILLING FOR BANKRUPTCY PROTECTION UNDER THE BANKRUPTCY CODE* THEN THE PRINCIPALS OF SAID CORPORATION SHALL BE HELD PERSONALLY LIABLE FOR ANY AND ALL SUMS DUE LANDLORD.** The intention being that, *the personal liability shall only attach if & when a Bankruptcy action is commenced* to forestall Landlord's attempt to regain possession of the Premises upon default in the payment of rent" (NYSCEF Doc No. 21 at ¶ 28 [emphasis added]).

Thus, according to the record evidence, the personal guaranty by Tress only applies if the Tenant files for bankruptcy protection. Baldeo does not testify that there was any bankruptcy filing by the Tenant after its payment default.

However, Baldeo also asserts that Tress is in breach of the parties' August 31, 2013 settlement agreement, in which Tress specifically agreed to a judgment in Plaintiff's favor in the amount of $130.814.00, plus $15,000.00 in attorneys' fees for Tenant's payment default (NYSCEF Doc No. 26 at ¶¶ 12-16; *see also* NYSCEF Doc No. 22 [settlement agreement]). PB 2180 also submits an attorney affirmation in support of its summary judgment motion (NYSCEF Doc No. 14).

Tress, in opposition, submits only an attorney affirmation asserting that "since there was no bankruptcy filing for the Tenant Kinderstuff 10 LLC there can be no personal liability for Defendant Mark Tress" since that is a condition to the personal guarantee (NYSCEF Doc No. 36 at ¶ 3).

On June 27, 2023,Tress cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and/or (a) (7) or for summary judgment, pursuant to CPLR 3212 (NYSCEF Doc No. 30). Tress submits *only* a two-page attorney affirmation asserting that "there are no outstanding issues of fact,

[* 3]

but that this matter can be resolved on the basis of the documentary evidence . . ." including the personal guaranty executed by Tress (NYSCEF Doc No. 31 at ¶ 2).

Tress submits a memorandum of law arguing that under the terms of the personal guaranty, Tress would only have guarantor liability if the Tenant filed for bankruptcy protection, which did not take place (NYSCEF Doc No. 33 at 2-3). Notably, Tress admits in his memorandum of law that the settlement agreement that Tress executed provides at Paragraph 3 that "Kinderstuff 10 LLC *along with Mark Tress* agrees to pay to [PB 2180] the sum of $25,025 in 6 equal monthly installments commencing September 1, 2013 until the sum is repaid in full" (*id.* at 4; *see also* NYSCEF Doc No. 22 at ¶ 3 [settlement agreement] [emphasis added]).

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should, thus, only be employed when there is no doubt as to the absence of triable issues of material fact (*Kolivas v Kirchoff*, 14 AD3d 493 [2d Dept 2005]; *see also Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dept 2010], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If the movant has made a prima facie showing of entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]).

"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the performance under the contract of the party seeking relief, the other party's breach, and resulting damages" (*McMahan v McMahan*, 164 AD3d 1486, 1487 [2d Dept 2018]; *see also Fernandez v Abatayo*, 172 AD3d 821, 822 [2d Dept 2019]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*MHR Cap. Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]).

Here, Plaintiff has established its entitlement to summary judgment on its first cause of action asserted against Tress for breach of the parties' August 2013 settlement agreement based on Baldeo's uncontested affidavit testimony and production of the settlement agreement in which

[* 4]

Tress admittedly agreed to pay to petitioner the sum of $25,025.00 in 6 equal monthly installments commencing September 1, 2013 until the sum is repaid and agreed to pay Plaintiff $15,000.00 in legal fees (*see* NYSCEF Doc No. 22 at ¶¶ 3 and 5).

In contrast, Plaintiff's second cause of action for breach of the personal guaranty is precluded since, under the plain terms of the guaranty in the December 2010 Lease Rider, Tress only has guarantor liability if the Tenant files for bankruptcy after a payment default. Absent evidence of a bankruptcy filing by Tenant, Plaintiff cannot collect against Tress under the personal guaranty.

Tress failed to submit a fact affidavit from someone with personal knowledge in opposition to Plaintiff's summary judgment motion or in support of his summary judgment cross-motion. "It is well settled that on a motion for summary judgment, a bare affirmation of an attorney, who demonstrates no personal knowledge of the matter, is unavailing and without evidentiary value" (*Bahlkow v Greenberg*, 185 AD2d 829, 831 [2d Dept 1992]). Consequently, absent any identifiable issue of fact for trial, summary judgment is appropriate and warranted in favor of the Plaintiff on its first cause of action for breach of the December 2013 settlement agreement. Accordingly, it is hereby

**ORDERED** that Plaintiff's summary judgment motion (mot. seq. one) is granted and Plaintiff is hereby granted a judgment against Tress on its first cause of action for breach of the parties' August 2013 settlement agreement in the amount of $130,814.00, plus $15,000.00 in attorneys' fees for a judgment of $145,814.00; and it is further,

**ORDERED** that Tress' summary judgment cross-motion (mot. seq. two) is denied.

This constitutes the decision, order and judgment of the court.

_____
Hon. Ingrid Joseph J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**

[* 5]