| Mardokh v Williams |
|:---:|
| 2025 NY Slip Op 31630(U) |
| April 30, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 533555/2022 |
| Judge: Carolyn E. Wade |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 84 of the Supreme
Court of the State of New York, held
in and for the County of Kings, at
the Courthouse, located at 360 Adams
Street, Brooklyn, New York 11201
on the 30ᵗʰ day of April, 2025

PRESENT: Hon. Carolyn E. Wade, J.S.C.

CAROLINE MARDOKH,

Plaintiff,

-against-

DONALD W. WILLIAMS, THOMAS M. HOEY, JR.,
VIRGINIA L. HOEY, THOMAS M. HOEY, III AS
TRUSTEE OF THOMAS M. & VIRGINIA L. HOEY
TRUST and CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

Defendants.

Index No. 533555/2022

**DECISION AND ORDER**

Mot. Seq. 003

Defendants THOMAS M. HOEY, JR., (hereinafter "MR. HOEY"), VIRGINIA L. HOEY,

THOMAS M. HOEY, III AS TRUSTEE OF THOMAS M. & VIRGINIA L. HOEY TRUST,

(hereinafter "the HOEY Defendants") Motion for Summary Judgment, Motion Seq. 003

(NYSCEF Doc. Nos. 75-86) seeks an Order (1) pursuant to New York Civil Procedure Law and

Rules ("CPLR") § 3212 dismissing the complaint of the Plaintiff and any cross-claims and

granting summary judgment to the HOEY Defendants and (2) for such other and further relief as

this Court may deem just and proper, together with the costs and disbursements of this action.

Plaintiff CAROLINE MARDOKH (hereinafter "MARDOKH") and Defendant

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. (hereinafter "CON ED")

opposed the HOEY Defendants' Motion (NYSCEF Doc. Nos. 90-91 and 115-137), respectfully

1

[* 1]

requesting that this Court deny the HOEY Defendants' Motion in its entirety and grant such other relief as the Court deems just and proper.

The HOEY Defendants filed a Reply Affirmation in Further Support (NYSCEF Doc. No. 146) of the Motion dismissing the Complaint on the grounds that the HOEY Defendants are not liable for the alleged personal injuries sustained by MARDOKH.

## STATEMENT OF FACTS

This action seeks damages for personal injuries allegedly sustained by Plaintiff in two separate accidents. *See* Plaintiff's Amended Complaint (NYSCEF Doc. No. 12).

Plaintiff allegedly tripped and fell on November 5, 2021, on a defective, broken, cracked, raised, unlevelled and uneven sidewalk located in front of 392 and 394 Sterling Place in Brooklyn, New York, which were owned by the HOEY Defendants and Defendant DONALD W. WILLIAMS (hereinafter "WILLIAMS"), respectively. *Id.*

She then had a subsequent accident on March 8, 2022, when she allegedly slipped and fell on an accumulation of ice pellets on the sidewalk and driveway located in front of and adjacent to the Defendant CON ED'S "Third Avenue Yard Service Center Flush Truck Facility" on Third Street near the corner of 4th Avenue in Brooklyn, New York. *Id.*

## ANALYSIS

Upon a reading of the foregoing papers, and all other papers and proceedings in this action, and after oral argument, the HOEY Defendants' Motion is decided as follows:

Summary judgment is "a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues." *Andre v. Pomeroy*, 35 N.Y.2d 361, 363 [1974]. Further, "summary judgment should be denied even when the existence of a factual issue is arguable."

2

[* 2]

*Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395, 398 [1957].

The HOEY Defendants assert that they should escape all liability as MARDOKH's accident did not occur on their premises located at 392 Sterling Place in Brooklyn, New York. As such, the HOEY Defendants maintain that they owe no duty to MARDOKH and could not have breached any duty as a result.

The HOEY Defendants cite to MARDOKH's deposition testimony, wherein MARDOKH indicated that the area where she fell was "squarely and completely in front of the home owned by [Defendant WILLIAMS]." (NYSCEF Doc. No. 77, ¶ 3). Further, the HOEY Defendants proffer that the "identified area was then professionally surveyed and identified as being completely on the property of 394 Sterling Place, NOT 392 Sterling Place." *Id.*

In opposition, MARDOKH argues that the "Affidavit of Saeid Jalilvand ... does not establish that the standards of the New York State Licensed Professional Land Surveyors [were] adhered to, or whether the methodology and process of conducting the on-site inspection and subsequent survey were generally accepted as permissible within the professional surveying community." (NYSCEF Doc. No. 115, ¶ 19-20).

Further, MARDOKH proffers that the HOEY Defendants "assumed, at least, partial responsibility for the maintenance of the subject portion of the sidewalk where [MARDOKH] alleges to have tripped and fell over a raised portion of sidewalk," as the HOEY Defendants "previously paid for the sidewalk repair in front of 392 Sterling Place." (NYSCEF Doc. No. 115, ¶ 13).

Lastly, MARDOKH contends that the HOEY Defendants failed to "provid[e] any evidence establishing that they neither created the subject defective condition nor had actual or constructive notice of the alleged condition for a sufficient length of time to discover and remedy

3

it." (NYSCEF Doc. No. 115, ¶ 22).

As such, there are issues of fact to be determined by a jury.

Accordingly, it is hereby **ORDERED** that the HOEY Defendants Motion for Summary Judgment is **DENIED**.

This constitutes the Decision and Order of the Court.

E N T E R

_____
Honorable Carolyn E. Wade, J.S.C.

Hon. Carolyn E. Wade
Supreme Court Justice

KINGS COUNTY CLERK
FILED
2025 MAY -2 A 8: 59

4