■ Scott Sutherland, an Infant, by His Mother and Natural Guardian, Jayceline Sutherland, et al., Appellants, v

COUNTY OF NASSAU, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered December 22, 1987, which, upon granting a posttrial motion by the defendant to set aside the jury verdict (CPLR 4404 [a]) and denying as academic a cross motion by the plaintiffs to set aside as inadequate a $50,000 award to the infant plaintiff for pain and suffering in an order dated August 19, 1987, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts and as a matter of discretion, with costs, the order dated August 19, 1987, is vacated, the defendant's motion to set aside the jury verdict is denied, the plaintiffs' cross motion to set aside, as inadequate, the $50,000 award to the infant plaintiff for pain and suffering is granted, and a new trial is granted on the issue of damages for pain and suffering only, unless within 20 days after service upon the defendant of a copy of this decision and order, with notice of entry, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to damages for pain and suffering to $300,000, and to the entry of an amended judgment accordingly; in the event the defendant so stipulates, then the judgment is reversed, on the law and the facts and as a matter of discretion, with costs, the order dated August 19, 1987, is vacated, the motion is denied, the cross motion is denied as academic, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

On January 29, 1977, the infant plaintiff Scott was born to the plaintiff Jayceline Sutherland at the Nassau County Medical Center after a difficult delivery, during which a shoulder dystocia was encountered. After the birth, Scott was found to have sustained a total brachial plexus palsy which encompassed two separate conditions, Erb's palsy and Klumpke's palsy, which was caused by a tearing of the nerve roots that controlled the upper right extremity.

Expert medical testimony presented by the plaintiffs at trial established that the infant's injuries were caused by the obstetrician's application of excessive lateral flexion during the delivery, as evidenced by both the extreme severity of the injuries and the bruises about the child's head and body. There was also evidence that the obstetrician's application of excessive lateral flexion was a departure from accepted medi-

cal practice. Thus, it cannot be said that the jury could not have found for the plaintiffs by any rational process *(see, Dooley v Skodnek,* 138 AD2d 102; *Lipsius v White,* 91 AD2d 271).* Furthermore, the verdict was not against the weight of the evidence. Accordingly, we reverse the judgment and reinstate the jury's verdict in favor of the plaintiffs. The award for pain and suffering is inadequate to the extent indicated. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.