■ SCOTT SUTHERLAND, an Infant, by His Mother and Natural Guardian, JAYCELINE SUTHERLAND, et al., Respondents, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered August 28, 1990, which upon denying its posttrial motion pursuant to CPLR 4401, 4404, and 4405 to reduce or set aside the jury verdict, is in favor of the plaintiffs and against it in the principal sum of $700,000.

Ordered that the judgment is affirmed, with costs.

The factual and procedural history of this case are not in dispute. During his birth on January 29, 1977 at the Nassau County Medical Center, Scott Sutherland sustained a total brachial plexus palsy, which encompassed two separate conditions, Erb's palsy and Klumpke's palsy. The plaintiffs thereafter commenced a personal injury action against the defendant County. Following a trial, the defendant was found liable for medical malpractice, and the plaintiffs were awarded damages in the amounts of $50,000 for the infant plaintiff's pain and suffering, $105,000 for future medical expenses, and $70,000 for future rehabilitation devices. The County thereafter moved to set aside the jury verdict, and the plaintiffs cross-moved to set aside as inadequate the $50,000 award for pain and suffering and for a new trial on the issue of damages for pain and suffering only. By order dated August 19, 1987, the Supreme Court, Nassau County, denied the plaintiffs' cross motion, granted the County's motion, and dismissed the plaintiffs' complaint. On a prior appeal by the plaintiffs, this Court vacated the order dated August 19, 1987, and directed a new trial on the issue of damages for pain and suffering unless the defendant consented to increase the award for pain and suffer-

ing to $300,000 *(see, Sutherland v County of Nassau,* 151 AD2d 468). The defendant chose to pursue a new trial on that issue which culminated in an award for pain and suffering in the sum of $700,000. The defendant's subsequent motion to set aside or reduce the verdict was denied by order of the Supreme Court dated July 23, 1990. A judgment was entered on August 28, 1990, in the amount of the jury verdict plus interest and this appeal ensued.

We find unpersuasive the defendant's contention that the trial court erred in permitting the plaintiff Scott Sutherland to partially disrobe and redress in the presence of the jury in order to demonstrate the limiting effect of his disabled arm and hand. Here, the value of this evidence outweighed its potential for prejudice, and there is no indication in the record that Scott "faked" or otherwise exaggerated his limitations in this regard *(see, e.g., Harvey v Mazal Am. Partners,* 79 NY2d 218, 224; *People v Acevedo,* 40 NY2d 701, 704).

We further find that the award of $700,000 does not deviate materially from what would be reasonable compensation to the injured plaintiff *(see,* CPLR 5501 [c]) and, therefore, we decline to disturb it.

We have considered the defendant's remaining contentions and find them to be without merit. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.