■ MARCOS A. VELEZ et al., Respondents, v EMPIRE MEDICAL GROUP et al., Appellants, et al., Defendants. [608 NYS2d 246] —In an action to recover damages for personal injuries, etc., the defendants Empire Medical Group, Jesse Rogers, Errol Byer, Milton Kramer, and Hoosang Barziger appeal, as limited by their brief, on the ground of excessiveness, from a judgment of the Supreme Court, Kings County (Pizzuto, J.), entered April 9, 1991, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $2,160,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for lost future earnings and past and future pain and suffering, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to (1) lost future earnings from the sum of $900,000 to $200,000, and (2) past and future pain and suffering from $1,150,000 to $250,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, with costs. The findings of fact on the issues of damages for physical therapy and psychotherapy are affirmed.

We find that the jury's award of $900,000 for lost future earnings to the infant plaintiff, who suffers from a mild form of Erb's palsy, was excessive and based upon the speculative premise that he would not attend college or be employable to any significant degree *(see,* CPLR 5501 [c]; *Cassano v Hagstrom,* 5 NY2d 643, 646; *Marmo v Southside Hosp.,* 143 AD2d 891; *Irrizary v City of New York,* 95 AD2d 713). The evidence

in this case would support an award for lost future earnings in the sum of $200,000.

We also find that the damages award for past and future pain and suffering were excessive to the extent indicated *(see,* CPLR 5501 [c]; *Sutherland v County of Nassau,* 151 AD2d 468). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.