■ THERESA FIELDS, Respondent, v ARMADA VEHICLE RENTAL COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. SHELTON FIELDS, Third-Party Defendant. [627 NYS2d 397] —In an action to recover damages for personal injuries, the defendant Armada Vehicle Rental Company appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered October 26, 1992, which upon a jury verdict, *inter alia,* was in favor of the plaintiff and against her in the principal sum of $250,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the second decretal paragraph thereof and substituting therefor a provision severing the plaintiff's causes of action for past pain and suffering and future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after the service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for (1) past pain and suffering from $150,000 to $100,000, and (2) future

pain and suffering from $100,000 to $25,000, and to the entry of an appropriate amended judgment in favor of the plaintiff and against the appellant in the principal sum of $125,000, and in favor of the appellant and against the third-party defendant in the principal sum of $125,000. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs and disbursements.

The question of whether the plaintiff established a prima facie case of a serious injury under Insurance Law § 5102 (d) rests with the trial court in the first instance *(see, Licari v Elliott,* 57 NY2d 230, 237-238; *see also, Matter of Aetna Cas. & Sur. Co. v Cochrane,* 64 NY2d 796, 797; *Kennedy v Anthony,* 195 AD2d 942, 942-943; *Nolan v Ford,* 100 AD2d 579, *affd* 64 NY2d 681). The plaintiff submitted ample testimonial and documentary evidence to establish that she sustained a herniated disk and the consequential "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Under the circumstances, the court properly sent the matter to the jury for resolution *(see, e.g., Cesar v Felix,* 181 AD2d 852; *Partlow v Meehan,* 155 AD2d 647, 648).

We find the damage award was excessive to the extent indicated *(see, Reid v County of Nassau,* 215 AD2d 466 [decided herewith]; *Velez v Empire Med. Group,* 201 AD2d 640; *Sutherland v County of Nassau,* 190 AD2d 664; *Stackhouse v New York City Health & Hosps. Corp.,* 179 AD2d 357). Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.