■ ROBERT J. REID II, an Infant, by His Mother and Natural Guardian, CHERYL M. REID, et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [627 NYS2d 346] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered June 4, 1993, which, upon a jury verdict in favor of the plaintiffs and against them in the principal sum of $3,020,000, awarded damages to the plaintiff.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the second, third, fifth, sixth, seventh, and eighth decretal paragraphs thereof, and substituting therefor a provision severing the infant plaintiff's cause of action for future pain and suffering and diminution of earning capacity, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after the service upon him of a copy of this decision and order with notice of entry, the infant plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to (1) future pain and suffering from $2,000,000 to $300,000, and (2) lost future earnings from the sum of $1,000,000 to $200,000, and to the entry of an amended judgment accordingly; in the event that the infant plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Contrary to the defendants' contention, the jury verdict was not against the weight of the evidence.

We find that the jury's award of $1,000,000 for lost future earnings to the infant plaintiff, who suffers from Erb's palsy, was excessive and based upon the speculative premise that he would not attend college or be employable to any significant degree *(see,* CPLR 5501 [c]; *Velez v Empire Med. Group,* 201 AD2d 640). The evidence in this case would support an award for lost future earnings in the sum of $200,000. We also find the damages award for future pain and suffering to be excessive to the extent indicated *(see,* CPLR 5501 [c]; *Velez v Empire Med. Group, supra; Sutherland v County of Nassau,*

190 AD2d 664; *Stackhouse v New York City Health and Hosps. Corp.,* 179 AD2d 357).

The defendants' remaining contentions are without merit. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.