■ TELICIA WILLIAMS et al., Respondents, v ERNEST WILLIAMS et al., Appellants. [641 NYS2d 408] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered March 28, 1995, which, upon a jury verdict on the issue of damages, is in favor of the infant plaintiff and against them in the principal sum of $250,000 ($75,000 for past pain and suffering and $175,000 for future pain and suffering).

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff Dorothy Shields of a copy of this decision and order with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court,

Kings County, a written stipulation, consenting to decrease the verdict with regard to damages for past and future pain and suffering from the sum of $250,000 to the sum of $100,000, and to the entry of an amended judgment in the principal sum of $100,000. In the event that Dorothy Shields so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The infant plaintiff was eight months old when she sustained a supracondylar fracture of the femur in an automobile accident. Liability was conceded and apportioned among the defendants. At a trial on the issue of damages only, the infant plaintiff, who was then nine years old, testified that her leg hurt when she ran and when it rained. These complaints were confirmed by her mother. The plaintiffs' medical expert opined that a fracture such as that sustained by the infant plaintiff was very painful and could cause her permanent pain in the leg.

Although it was error for the Supreme Court to admit into evidence an uncertified hospital record (*see,* CPLR 4815 [c]; *Dudek v Sinisi,* 199 AD2d 800, 801; *Guiher v South Buffalo Ry. Co.,* 190 AD2d 997, 998), the error was harmless. The testimony of the plaintiffs' medical expert regarding his own examination of the infant plaintiff, which included the taking of an x-ray, was sufficient to establish that she had sustained a fracture of the femur (*see, Karayianakis v L & E Grommery,* 141 AD2d 610).

However, the damages are excessive to the extent indicated (*see, Fields v Armada Vehicle Rental Co.,* 215 AD2d 433; *Velez v Empire Med. Group,* 201 AD2d 640).

We find no merit to the appellants' remaining contentions. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.