(January 31, 2000)

■ OYEYEMI ADEBOWALE, as Parents and Natural Guardians of ADTOUN ADEBOWALE, an Infant, et al., Respondents, v CHARLES DREW FAMILY HEALTH CARE CENTER et al., Appellants, et al., Defendant. [702 NYS2d 841] —In an action to recover damages for medical malpractice, etc., the defendants Charles Drew Family Health Care Center, St. Mary's Hospital, and St. Mary's Hospital d/b/a Family Health Network Charles Drew Clinic appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), dated November 5, 1998, which, upon a jury verdict, is in favor of the plaintiffs and against them in

the principal sum of $700,000 ($100,000 for past pain and suffering and $600,000 for future pain and suffering).

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $100,000 to the sum of $75,000, and future pain and suffering from the sum of $600,000 to the sum of $300,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiffs adduced sufficient evidence at trial from which the jury could rationally find that, under the circumstances, the defendants departed from good and accepted standards of medical practice by failing to recommend to the infant plaintiff's mother that a Caesarean section should be performed. Moreover, there is legally sufficient evidence to support a finding that this omission proximately caused the infant plaintiff's injuries (*see, Cohen v Hallmark Cards,* 45 NY2d 493). Additionally, the verdict was not against the weight of the evidence, as it was supported by a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129).

However, the damages awarded for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]; *Reid v County of Nassau,* 215 AD2d 466; *Velez v Empire Med. Group,* 201 AD2d 640). Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.