■ LYNETTE GREAVES, Respondent, v DESIMONE MESSENGER, INC., et al., Appellants. [706 NYS2d 912] —In an action to recover

damages for personal injuries, the defendants appeal from (1) so much of an order of the Supreme Court, Queens County (Posner, J.), dated December 18, 1998, as denied their motion, *inter alia,* pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff, and (2) a judgment of the same court entered April 5, 1999, in favor of the plaintiff and against them in the principal sum of $75,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The trial court did not err in denying the defendants' motion pursuant to CPLR 4404 to set aside the jury verdict. Contrary to the defendants' contentions, the plaintiff adduced ample evidence to establish a prima facie case that she sustained a serious injury as defined in Insurance Law § 5102 (d). The plaintiff established both a substantial limitation of use of a body function or system (*see, Fields v Armada Vehicle Rental Co.,* 215 AD2d 433; *Jackson v United Parcel Serv.,* 204 AD2d 605), as well as a medically-determined injury or impairment of a nonpermanent nature which prevented the plaintiff from performing substantially all of the material acts which constituted her usual and customary activities for not less than 90 days during the 180 days immediately following the accident category (*see, Licari v Elliott,* 57 NY2d 230).

Furthermore, upon this record, the jury's verdict finding serious injury was not against the weight of the evidence (*see, Nicastro v Park,* 113 AD2d 129).

The verdict as to damages did not deviate materially from what would be reasonable compensation under the circumstances (*see,* CPLR 5501; *Brown v Stark,* 205 AD2d 725; *Orris v West,* 189 AD2d 866).

The defendants' remaining contentions are without merit. Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.