■ MARGARET D. MILLER, Respondent, v SUSAN M. WEISEL et al., Appellants, et al., Defendant. [790 NYS2d 189]—

In an action to recover damages for medical malpractice, the defendants Susan M. Weisel and Fishkill Obstetrics and Gynecology, P.C., appeal, on the ground of excessiveness, from a judgment of the Supreme Court, Dutchess County (Jiudice, J.H.O.), entered August 22, 2003, which, upon a jury verdict awarding the plaintiff damages in the sum of $400,000 for past pain and suffering and $800,000 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $1,200,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff Margaret D. Miller, individually and as parent and natural guardian of the plaintiff, Wayne Miller, Jr., of a copy of this decision and order, she shall serve and file with the office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $400,000 to the sum of $200,000, and the verdict as to damages for future pain and suffering from the sum of $800,000 to the sum of $500,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Margaret D. Miller, individually and as parent and natural guardian of Wayne Miller, Jr., so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff Margaret D. Miller, individually and as parent and natural guardian of Wayne Miller, Jr., alleged that Wayne's Erb's Palsy injury was caused by the malpractice of the appellants in connection with the obstetrical care administered at Wayne's birth on September 22, 1990. On appeal, the only issue

addressed by the appellants is the excessiveness of the damages award.

"While the amount of damages to be awarded for personal injuries is primarily a question for the jury, an award may be set aside when it deviates materially from what would be reasonable compensation" (*Iovine v City of New York*, 286 AD2d 372, 373 [2001]). Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation (*see Senko v Fonda*, 53 AD2d 638, 639 [1976]).

The awards of the sums of $400,000 for past pain and suffering and $800,000 for future pain and suffering is excessive to the extent indicated herein (*see Charles v Day*, 289 AD2d 190 [2001]; *Adebowale v Drew Family Health Care Ctr.*, 268 AD2d 542 [2000]; *Reid v County of Nassau*, 215 AD2d 466 [1995]; *Velez v Empire Med. Group*, 201 AD2d 640 [1994]; *Sutherland v County of Nassau*, 190 AD2d 664 [1993]). H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.