◼ ALFRED LUCIAN et al., Appellants, v KENNETH S. SCHWARTZ et al., Respondents, et al., Defendant. [865 NYS2d 643]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered May 24, 2007, which denied their motion pursuant to CPLR 4404 (a), inter alia, to set aside a jury verdict on the issue of liability and for a new trial, and (2) a judgment of the same court, also entered May 24, 2007, which, upon a jury verdict, and upon the order entered May 24, 2007, is in favor of the defendants Kenneth S. Schwartz and Vascular Surgical Associates, P.C., and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Kenneth S. Schwartz and Vascular Surgical Associates, P.C.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the trial court properly permitted the treating neurologist of the plaintiff Alfred Lucian to testify for the defense on the subject of injury causation, notwithstanding a lack of prior notice pursuant to CPLR 3101 (d) (see Butler v Grimes, 40 AD3d 569, 570 [2007]; Malanga v City of New York, 300 AD2d 549 [2002]; Hunt v Ryzman, 292 AD2d 345, 346 [2002]). The trial court also providently exercised its discretion in precluding the proffered testimony of the plaintiffs' expert neurologist. Although CPLR 3101 (d) (1) (i) does not establish a specific time frame for expert witness disclosure, a trial court has the discretion to preclude expert testimony for the failure to reasonably comply with the statute (see Martin v NYRAC, Inc., 258 AD2d 443 [1999]). Here, the plaintiffs failed to provide an adequate explanation or establish good cause for their inordinate delay in disclosing the identity of their expert witness, his credentials, and the specific subject matter of his expected testimony until after the trial had begun (see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 463, 464 [2006]; Vigilant Ins. Co. v Barnes, 199 AD2d 257 [1993]).

The plaintiffs also claim that they are entitled to a new trial

because defense counsel made brief references during the trial to the plaintiffs' medical insurance. The trial court sustained the plaintiffs' objections thereto and admonished defense counsel following those references. Having failed to ask for further relief or move for a mistrial on this ground, the plaintiffs failed to preserve this contention for appellate review (*see Lind v City of New York*, 270 AD2d 315, 317 [2000]; *Kamen v City of New York*, 169 AD2d 705, 706 [1991]). The plaintiffs' contentions concerning allegedly improper comments made during the defense summation are also unpreserved, as they never objected to those comments or sought a curative instruction or a mistrial on this ground (*see Murray v Weisenfeld*, 37 AD3d 432, 434 [2007]; *Friedman v Marcus*, 32 AD3d 820 [2006]).

The Supreme Court erred in admitting CT-scan films which were not properly authenticated. However, in light of the admission of the written reports concerning the films and the testimony of the treating physician detailing his review of the films during the injured plaintiff's hospitalization, any error in the admission of these films was harmless (*see Williams v Williams*, 226 AD2d 710, 711 [1996]).

The Supreme Court properly denied that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for a new trial in the interest of justice, as there was no evidence "that substantial justice has not been done" in this case (*Gomez v Park Donuts*, 249 AD2d 266, 267 [1998]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.