In an action to recover damages for medical malpractice and lack of informed consent, the defendant appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated October 17, 2007, which, upon a jury verdict in favor of the *616 plaintiff and. against him finding that the plaintiff sustained damages in the principal sums of $300,000 for past pain and suffering and $500,000 for future pain and suffering, and upon an order of the same court dated May 31, 2007, which denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence or to set aside the damages award as excessive, is in favor of the plaintiff and against him in the principal sums of $300,000 for past pain and suffering and $500,000 for future pain and suffering.
Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the damages award as excessive is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $300,000 to the principal sum of $150,000, and for future pain and suffering from the principal sum of $500,000 to the principal sum of $400,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
The plaintiff Valerie Abdelkader, as mother and natural guardian of Laila Abdelkader, alleged that Laila’s Erb’s Palsy injury was caused by the malpractice of the defendant doctor in connection with the obstetrical care administered at Laila’s birth on July 2, 1997. The jury returned a verdict in favor of the plaintiff and against the defendant in the principal sums of $300,000 for past pain and suffering and $500,000 for future pain and suffering.
A jury verdict may not be set aside as being against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (see Landau v Rappaport, 306 AD2d 446 [2003]; Nicastro v Park, 113 AD2d 129, 134 [1985]). “Moreover, issues regarding the credibility of expert witnesses are peculiarly within the province of the jury to determine” (Landau v Rappaport, 306 AD2d 446, 446 [2003]). Here, it cannot be said that the evidence so preponderated in favor of the defendant that the jury could not have reached a verdict in favor of the plaintiff on any fair interpretation of the *617 evidence (id.). There is no basis in the record to disturb the jury’s resolution of credibility issues in favor of the plaintiff (id.).
However, we agree with the defendant that the award of damages of the principal sums of $300,000 for past pain and suffering, and $500,000 for future pain and suffering, deviates from what would be reasonable compensation, and is excessive to the extent indicated herein (see CPLR 5501 [c]; Miller v Weisel, 15 AD3d 458 [2005]; Charles v Day, 289 AD2d 190 [2001]; Adebowale v Charles Drew Family Health Care Ctr., 268 AD2d 542, 543 [2000]). Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.